# CASES

IN THE

# SUPREME JUDICIAL COURT

OF THE

# STATE OF MAINE.

---

BENJAMIN L. STAPLES *vs.* GEORGE B. WELLINGTON.

*Costs. Pleading. Practice. Release. R. S., c. 82, § 115.*

A discharge under seal, not fraudulently obtained, by which a verdict for $350 is released for $67, during the pendency of a motion for a new trial of the action, cannot be regarded as invalid for inadequacy of consideration.

A plaintiff, who has released a cause of action, and agreed to enter a discontinuance as soon as may be without costs to the defendant, will be liable to the releasee for any costs that may be subsequently occasioned by his ineffectual resistance to the execution of his agreement.

The liability of an assignee under R. S., c. 82, § 115, for the costs of an action prosecuted for his benefit, is not confined to cases in which the assignment is made before action brought.

ON EXCEPTIONS by both parties.

This was an action of assumpsit, originally instituted by Francis G. Brown, who died during its pendency, and it was subsequently prosecuted by his administrator, Benj. L. Staples.

At the February term, 1867, a verdict in favor of Brown, for $350, was rendered, and the defendant filed a motion for a new

trial, and the cause was continued to await the result of this motion. On the seventh day of May, 1867, the claim sued and all rights thereto and under the verdict were assigned by Brown to Edmund Madigan, for value ; and on the seventh day of September, 1867, in consideration of $67 paid him by Mr. Wellington, Brown released the cause of action and directed his counsel to discontinue the suit, without cost to the defendant. At the September term, 1867, the motion for a new trial was withdrawn, Mr. Madigan filed his assignment, and Mr. Wellington his release, the validity of which was denied upon the ground of the insanity of Brown, and because it was obtained by fraud and circumvention, for a grossly inadequate consideration, after notice of the transfer of the claim to Mr. Madigan. By order of the court the cause was continued, the pleadings to be filed by the middle of vacation, which was done; the defendant formally pleading his release, and the plaintiff replying the matters above stated, in avoidance. At the February term, 1868, the death of Brown was suggested, Mr. Staples appeared as his administrator, and, under the direction of the court, two issues were framed for the jury: "1st, Did the defendant have notice of the assignment before obtaining the discharge? 2d, Was the discharge valid or void?" At the first trial the jury were unable to agree, but on the second presentation of the case, at the February term, 1869, a verdict was rendered for the defendant, the first question being answered in the negative, and the second that the discharge was valid. The plaintiff filed exceptions and a motion for a new trial, which were overruled by this court, as appears in the report of the case, 58 Maine, 453, the certificate being received by the clerk of courts, for Aroostook county, May 29th, 1871. At the September term, 1871, the plaintiff moved for judgment on the verdict originally rendered in his favor, (at the February term, 1867,) and the defendant moved for costs from the commencement of the action; the judge ruled, *pro forma*, that the defendant was not entitled to any costs, overruled both motions, and directed an entry of judgment for the defendant without costs. Both parties excepted.

*Jos. Granger, D. D. Stewart, L. Powers* and *E. Madigan,* for the plaintiff.

The original plaintiff obtained a verdict for $350, which, by the withdrawal of the defendant's motion for a new trial, remains in full force. The defendant does not now seek to set it aside but to avoid, or prevent, the entry of judgment by the release he has since obtained from Mr. Brown. The validity of the release having been determined by the jury, it must now take effect, but only according to its terms; i. e., that the action should be continued without cost to either party. *Coburn v. Whitely,* 8 Metc., 272-7. Wellington is not the prevailing party. Upon the sole issue raised upon the declaration, a verdict, still in full force, stands recorded against him. The validity of the release was a collateral issue, subsequently arising, which the court saw fit to submit to the jury for information. It was a question of interest to the parties, in the solution of which both incurred expense, but it was not the subject-matter of the action upon which either could be said to prevail. The statute giving costs refers to the party prevailing upon the issue presented by the plaintiff's claim and the defendant's denial. *Thayer v. Seavey,* 11 Maine, 292, last sentence; *Moore v. Mann,* 29 Maine, 559; *Ham v. Ham,* 43 Maine, 285.

Certainly, no costs are recoverable against Mr. Madigan. If the release was valid there was no claim left to assign. In the language of *Crosby v. Chase,* 17 Maine, 371, the defendant "cannot be permitted to defeat the deed for one purpose and set it up for another." He cannot deny the effect of the assignment to rob us of our verdict and then claim its validity to recover costs of us. Again, R. S., c. 82, § 115, identical (so far as this case is concerned,) with § 105 of the same chapter in the revision of 1857, applies only to actions "commenced in the name of the assignor," and not to the assignment of claims on which suits are already pending. Though, in successive revisions, the phraseology of the statute of 1846, c. 223, has been somewhat condensed, the meaning is preserved and the construction should be the same as was given to that.

*J. C. Madigan & Donworth,* for the defendant.

No special finding was sought as to the adequacy of consideration, but it was treated as involved in the question of fraud and the validity of the release. If there had been no proof, the sealing of the instrument imports a consideration sufficient in law.

The direction to discontinue operates as a discontinuance, *eo instanti;* is a bar to the further maintenance of the suit and annihilates the verdict. 1 Bouv. Law Dict., 307. Upon the issue which finally disposed of the case, and closes its record, the defendant is the "prevailing party" and, therefore, entitled to costs; at least from the day of filing this release.

PETERS, J. After the questions submitted to the jury had been finally determined, the plaintiff moved for judgment on the original verdict rendered in his favor for the reason, as he says, that even if the findings of the jury are correct as to matters of fact, still as matter of law, the release is not valid, because of inadequacy of consideration; that a payment of sixty-seven dollars is not a legal consideration for the release of three hundred and fifty dollars ascertained by verdict to be due the plaintiff, as in the case of *Bailey v. Day,* 26 Maine, 88. But this rule does not apply where the acknowledgment of satisfaction, as here, is by deed. *Lee v. Oppenheimer,* 32 Maine, 253. Nor does the rule invoked apply in this case, because, when the release was given there was an uncertainty, by reason of a pending motion, whether the verdict would stand or not. Courts incline to regard with favor any compromise, not fraudulently made, which puts an end to litigation. The rule itself however has been abolished by R. S., c. 82, § 38; so that any sum of money paid in full discharge of a larger indebtedness is a sufficient consideration therefor.

The defendant asks for his costs, and we think he is entitled to them from the date the release was offered and resistance made to its allowance by the plaintiff. He had the plaintiff's release, and how should he make it available? He could not plead it as *puis darrein continuance,* because, as laid down in the authorities, with

here and there an exception in particular cases, such a plea is too late after verdict rendered. Had judgment been entered upon the verdict for the plaintiff, before an opportunity had been allowed the defendant to interpose his plea, equity would have relieved him, as in *Devoll v. Scales*, 49 Maine, 320; or, a remedy would have been found in the writ of *audita querela*, as in *Gilbreth v. Brown*, 15 Mass., 178. The reason assigned in the cases why a plea since the last continuance cannot be allowed after verdict is that the party can resort to his writ of *audita querela*. But this writ has fallen into almost entire disuse, and in some of the States become abrogated, for the reason that the same remedy can be reached as well in the original action, in a summary way upon motion. In this case, the judge presiding adopted a course to ascertain the rights of the parties similar to that taken in the case of *Lister v. Mundell*, 1 B. & P., 428. In that case, just before execution awarded, a discharge of the defendant in bankruptcy was presented and relief prayed for on motion. Eyre, C. J., said, "by refusing this motion we shall drive the defendant to his *audita querela*, and I take it to be the modern practice to interpose in a summary way in all cases where a party would be entitled to relief on an *audita querela*." But as matters in avoidance were set up, the chief justice said there should be an inquiry into the facts to see whether there be anything to prevent the *audita querela* from taking effect, and so he required the defendant to plead his bankruptcy in order to frame an issue upon which the facts presented on both sides could be tried. So in the case before us, the defendant after verdict came in with a release moving for a discontinuance of the action. Questions of fact arose as to its validity which could only be settled by a jury, as see *Coburn v. Whitley*, 8 Metc., 272. The judge presiding ordered the defendant to plead, and the plaintiff to reply, so as to present an issue upon the questions involved. After several trials to the jury, and exceptions taken and overruled, as see this case reported in 58 Maine, 453, a discontinuance was entered by order of court. Now, why is not the defendant entitled to his costs precisely as if he had

pleaded his release as a plea since the last continuance? Has he not substantially and in effect done so? Are not all the incidents of proceeding and the result as they would have been, if the release had been pleaded before, instead of after, verdict rendered? Is there not as much reason to allow costs in this proceeding as there would have been in a new proceeding, had equity or *audita querela* been resorted to?

So far as the plaintiff up to the date of the release had prevailed, the action was settled. From that time another issue was raised, the determination of which put an end to the case. The defendant succeeded upon his motion to have a discontinuance entered, and in this result he was the party finally prevailing. But the plaintiff contends that by the terms of the release the discontinuance was to be entered "without costs to the defendant." But when, according to this agreement, was the discontinuance to be so entered? and what costs were referred to? Certainly, not costs which had not accrued when the release was delivered, and not then in the expectation of the parties as likely to accrue? It would be unreasonable to suppose the parties contemplated a settlement of the costs which the plaintiff would impose upon the defendant by a resistance against the very agreement in which the costs are claimed to have been adjusted. The discontinuance, by the agreement of release, was to be entered "as soon as it could be done." It could have been done at the September term, 1867. A discontinuance then without costs to the defendant would not extend to any costs growing out of a controversy carried on after that time.

The plaintiff contends that no costs are allowable upon the decision of a question resting merely upon a motion in a case. But this depends upon the character of the motion, and whether by a decision of it, the whole litigation is brought to an end. *Sweetsir v. Kenney*, 31 Maine, 288; *Turner v. Putnam*, Id., 557; *Reynolds v. Plummer*, 19 Maine, 22.

It is further contended that E. Madigan is not liable for costs as an assignee because the jury found the assignment to him ineffectual as against the controverted release. But the finding of the

jury did not establish that he was not in fact an assignee, and in that character he carried on the controversy upon the questions of the validity of the release, and whether there was a want of notice of the assignment, in either of which had he prevailed, the final result would have been favorable to him. It might as well be claimed, that an assignee of a claim who indorses a writ would never be liable to a defendant for costs upon the ground that a failure to win would always be evidence that there could have been no claim to be assigned.

It is still further contended that the assignee would not be liable to costs, because the assignment was not made anterior to the commencement of the suit. The assignee is by statute rendered liable where the writ or process "is commenced in the name of his assignor;" but it is not provided that the liability shall be limited to cases commenced in his name for the benefit of the assignee. The statute does not require that the claim shall be sued for the benefit of the assignee, but if it is prosecuted in the assignor's name (after a suit has been commenced) for the benefit of such assignee, his liability for costs becomes fixed. Any other construction would render the statute entirely nugatory. Assignments would not be made till after suit commenced; and, if made, would ordinarily be cancelled before suit and renewed afterwards.

*Exceptions by plaintiff overruled.*
*Exceptions by defendant sustained.*
*Defendant allowed costs accruing since his motion for a discontinuance was filed.*

APPLETON, C. J., CUTTING, WALTON, DICKERSON and BARROWS, JJ., concurred.