JAMES McMILLAN vs. ELI B. AMES.

March 11, 1885.

33  257
42   96
33  257
53   15,
33  257
d73  281
33  257
c76  525

**Unilateral Contract—Option to Purchase Land—Consideration—Seal.**
An instrument under seal, unilateral in form, wherein a party promises to convey lands upon the payment of the consideration therein named on or before a future day, is obligatory upon him as a covenant, subject to the performance of the condition by the covenantee. The seal implies a consideration sufficient to support such promise by the covenantor.

Plaintiff, as assignee of the contract set forth in the opinion, brought this action in the district court of Hennepin county, to recover damages for an alleged breach. The complaint sets out the making of the contract, and the assignment of all interest in it to plaintiff, alleges tender of full performance on the part of plaintiff on January 10, 1884, and a refusal to perform on the part of defendant, and asks $7,550 damages.

On the trial before *Lochren*, J., and a jury, it was admitted that the market value of the premises on January 10, 1884, was $11,500. Plaintiff offered in evidence the contract, which was objected to and excluded, and a verdict was directed for defendant. Plaintiff appeals from an order refusing a new trial.

*Scott, Longbrake & Van Cleve, A. J. Shores* and *Eli Torrance,* for appellant.

*Babcock & Davis,* for respondent, cited *State* v. *Young,* 23 Minn. 551; *Kumler* v. *Ferguson,* 7 Minn. 351, (442;) *Jordan* v. *White,* 20 Minn. 77, (91;) *Dickerman* v. *Ashton,* 21 Minn. 538; *Schoregge* v. *Gordon,* 29 Minn. 367; *Thomas* v. *Joslin,* 30 Minn. 388; *Broadwell* v. *Broadwell,* 1 Gilman, 599; *Walker* v. *Douglas,* 70 Ill. 445.

VANDERBURGH, J. On the day it bears date the defendant executed and delivered to James McMillan & Co. the following covenant or agreement under seal, which was subsequently assigned to the plaintiff:

"EXHIBIT A.

"I, E. B. Ames, of Minneapolis, Minnesota, for the consideration hereinafter mentioned, do hereby promise and agree to grant, bar-
v.33m—17

gain, sell, and convey, by good and lawful warranty deed, unto James McMillan & Co., their heirs and assigns, in fee-simple, free from all incumbrances, at any time between the date of this instrument and the third day of August, 1884, that the said James McMillan & Co. may elect, that certain real estate situate in the county of Hennepin and state of Minnesota, and described as follows, to wit, a part of lots nine (9) and ten, (10,) in block twenty, (20,) in the town of Minneapolis, being a tract of land twenty-seven (27) feet wide, fronting on First avenue south, and extending back ninety-nine (99) feet, together with the brick and stone building standing thereon, together with all the appurtenances thereunto belonging.

"The consideration above mentioned and referred to is the payment to me by the said James McMillan & Co. of the sum of thirty-five hundred dollars, and the further payment of the taxes duly assessed upon said real estate between the second day of August, 1879, and the date of the execution and delivery of said deed. Said payments to be made at the time of the execution and delivery of said deed, unless otherwise agreed to by said James McMillan & Co. and myself.

"It is hereby expressly understood and agreed that in case of a violation of the lease under which the said James McMillan & Co. now hold said real estate, I am to be released from any and all promises contained and by me made in this instrument.

"Witness my hand this sixth day of October, 1879, the same being the date of this instrument.        E. B. AMES.   [Seal.]"

By the terms of this instrument, which is admitted to have been sealed by defendant, he covenanted to convey the premises upon the consideration and condition of the payment by the covenantees of the sum named, on or before the date fixed in the writing. Before performance on their part, the defendant notified them of his withdrawal and rescission of the promise and obligation embraced in such written instrument, and thereafter refused the tender of payment and offer of performance by the plaintiff in conformity therewith, as alleged in the complaint, and within the time limited. On the trial, it appearing that such notice of rescission had been given, the court rejected

plaintiff's offer to introduce the writing in evidence, and dismissed the action.

The only question presented on this appeal is whether plaintiff's promise or obligation was *nudum pactum* and presumptively invalid for want of a consideration, or whether, being in the nature of a covenant, the defendant was bound thereby, subject to the performance of the conditions by the covenantees.

Apart from the effect of the seal as evidencing a consideration binding the defendant to hold open his proposition, or rather validating his promise subject to the conditions expressed in the writing, it is clear that such promise, made for a consideration thereafter to be performed by the plaintiff at his election, would take effect as an offer or proposition merely, but would become binding as a promise as soon as accepted by the performance of the consideration, unless previously revoked or it had otherwise ceased to exist. Langdell on Cont. § 70; *Boston & M. R. R.* v. *Bartlett*, 3 Cush. 224, 228. In the case cited there was a proposition to sell land by writing not under seal. The court held the party at liberty to withdraw his offer at any time before acceptance, but not after, within the appointed time, because until acceptance it was a mere offer, without a consideration or a corresponding promise to support it, and the court say: "Whether wisely or not, the common law unyieldingly insists upon a consideration, or a paper with a seal attached."

If, however, his promise is binding upon the defendant, because contained in an instrument under seal, then it is not a mere offer, but a valid promise to convey the land upon the condition of payment. All that remained was performance by plaintiff within the time specified to entitle him to a fulfilment of the covenant to convey. Langdell on Cont., §§ 178, 179. As respects the validity or obligation of such unilateral contracts, the distinction between convenants and simple contracts is well defined and established. Anson, Cont. 12; Chit. Cont. 5; Leake, Cont. 146; 1 Smith, Lead. Cas. (7th Ed.) 698; *Wing* v. *Chase*, 35 Me. 260; *Willard* v. *Tayloe*, 8 Wall. 557.

In *Pitman* v. *Woodbury*, 3 Exch. 4, 11, Parke, B., says: "The cases establish that a covenantee in an ordinary indenture, who is a party

to it, may sue the covenantor, who executed it, although he himself never did; for he is a party, although he did not execute, * * * and it makes no difference that the covenants of the defendant are therein stated to be in consideration of those of the covenantee. Of this there is no doubt, nor that a covenant binds without consideration." *Morgan* v. *Pike*, 14 C. B. 473, 484; Leake, Cont. 141. The covenantee in such cases may have the benefit of the contract, but subject to the conditions and provisos in the deed. These obligations frequently take the form of bonds, which is only another method of forming a contract, in which a party binds himself as if he had made a contract to perform; a consideration being necessarily implied from the solemnity of the instrument. The consideration of a sealed instrument may be inquired into; it may be shown not to have been paid, (*Bowen* v. *Bell*, 20 John. 338,) or to be different from that expressed,—*Jordan* v. *White*, 20 Minn. 77, (91;) *McCrea* v. *Purmort*, 16 Wend. 460,—or as to a mortgage that there is no debt to secure, (*Wearse* v. *Peirce*, 24 Pick. 141,) etc.; but, except for fraud or illegality, the consideration implied from the seal cannot be impeached for the purpose of invalidating the instrument or destroying its character as a specialty.

It is true that equity will not lend its auxiliary remedies to aid in the enforcement of a contract which is inequitable, or is not supported by a substantial consideration, but at the same time it will not on such grounds interfere to set it aside. But no reason appears why equity might not have decreed specific performance in this case, (had the land not been sold,) because the substantial and meritorious consideration required by the court in such case would consist in that stipulated in the instrument as the condition of a conveyance, performance of which by the plaintiff would have been exacted as a prerequisite to relief, so as to secure to defendant mutuality in the remedy, and all his rights under the contract. The inquiry would not, in such case, be directed to the constructive consideration evidenced by the seal, for a mere nominal consideration would have supported defendant's offer or promise upon the prescribed conditions. Leake, Cont. 17, 18; *Western R. Co.* v. *Babcock*, 6 Met. 346; *Yard* v. *Patton*, 13 Pa. St. 278, 285; *Candor's Appeal*, 27 Pa. St. 119.

If, then, defendant's promise was irrevocable within the time limited, plaintiff might certainly seek his remedy for damages, upon the facts alleged in the pleadings, upon showing performance or tender thereof on his part.

There is a growing tendency to abrogate the distinction between sealed and unsealed instruments; in some states by legislation, in others to a limited extent by usage or judicial recognition. *State* v. *Young*, 23 Minn. 551; 1 Pars. Cont. 429. But the significance of the seal as importing a consideration is everywhere still recognized, except as affected by legislation on the subject. It has certainly never been questioned by this court. In Pennsylvania the courts allow a party, as an equitable defence in actions upon sealed instruments, to show a failure to receive the consideration contracted for, where an actual valuable consideration was intended to pass, and furnished the motive for entering into the contract. *Candor's Appeal*, 27 Pa. St. 119; *Yard* v. *Patton, supra.* But whatever the rule as to equitable defences and counterclaims under our system of practice may properly be held to be in the case of sealed instruments, it has no application, we think, to a case like this, where full effect must be given to the seal. Under the civil law the rule is that a party making an offer, and granting time to another in which to accept it, is not at liberty to withdraw it within the appointed time, it being deemed inequitable to disappoint expectations raised by such offer, and leave the party without remedy. The common law, as we have seen, though requiring a consideration, is satisfied with the evidence thereof signified by a seal. *Boston & M. R. R.* v. *Bartlett, supra.* The same principle applies to a release under seal, which is conclusive though disclosing on its face a consideration otherwise insufficient. *Staples* v. *Wellington*, 62 Me. 9; *Wing* v. *Chase*, 35 Me. 260.

These considerations are decisive of the case, and the order denying a new trial must be reversed.