EDWARD L. FULLER and Another, Respondents, *v.* ARTHUR M. ARTMAN, Appellant.

*The expression of a consideration in a sealed instrument is not subject to contradiction.*

The rule — that while the mere presumption of a consideration which arises from the use of seals in the execution of an instrument is subject to rebuttal the expression of a consideration in such an instrument is not subject to contradiction for the purpose or with the effect of invalidating the instrument — applied in an action for the specific performance of a contract under seal, whereby the defendant, "in consideration of one dollar and other valuable considerations, the receipt whereof is hereby acknowledged," gave the plaintiffs' assignors the refusal of his farm or certain mining privileges therein, at prices specified, and gave them a certain time in which to decide whether they would take either or neither.

APPEAL by the defendant, Arthur M. Artman, from a judgment of the Supreme Court in favor of the plaintiffs, entered in the office of the clerk of Genesee county on the 28th day of November, 1892, upon the report of a referee.

*M. H. McMath*, for the appellant.

*C. F. Bissell*, for the respondents.

DWIGHT, P. J.:

The plaintiffs are the assignees of the persons named as parties of the second part in the contract hereinafter set forth, and they bring this action to enforce the specific performance by the defendant, the party of the first part named therein.

The contract was in the following terms :

" This memorandum of agreement, made and executed this 23rd day of September, 1890, between Arthur M. Artman of the Town of LeRoy, County of Genesee and State of New York, of the first part and David J. Bissell and Emory Elmore of the Town of LeRoy, County of Genesee, and State of New York, associates or assigns, of the second part, witnesseth; that the party of the first part in consideration of one dollar and other valuable considerations, the receipt whereof is hereby acknowledged, hereby covenants and agrees to and with the said second party, his heirs associates or assigns, at any time which the said second party may designate within five months from the date hereof, that he will execute and convey to

said second party, heirs or assigns a full covenant deed of the following described premises, situate in the Town of LeRoy afore-said, consisting of about one hundred and twenty acres of land, and more particularly described as follows, to wit; being the premises now occupied by him as a homestead, reserving to party of the first part all growing crops at time tender is made. In case the party of the first part having chance to sell above premises to a *bona fide* purchaser prior to time above mentioned, then party of the second part shall have first chance to purchase at same price upon receiving thirty days notice in writing or forfeit this option. At and for the agreed price of $135.00 per acre ; and that whenever the said second party shall notify him that he will purchase said premises above, that he, the said first party, will forthwith procure an abstract of the title of the said premises, and will, whenever a tender shall be made of such price of said premises, forthwith execute and deliver to said second party such deed of said premises as is above specified. Should there be any liens or encumbrances upon said premises, the amount of such liens or encumbrances shall be deducted from the amount of the purchase price. And the second party will take said premises subject to such liens or encumbrances. Provided, however, that at the option and election of said party of the second part and upon such tender of the sum of $15.00 per acre and notice as aforesaid within the time for that purpose above limited, instead of executing such absolute conveyance for such land, the party of the first part shall, and will, execute a proper conveyance to the party of the second part or to their assigns, of the right and privilege of mining for salt or other minerals under the same, but without the right of entry upon or injury to the surface of the same in any respect whatsoever; unless second party shall give notice of or make tender of purchase price before the expiration of the time above mentioned, then this instrument shall be null and void.

"In witness whereof, the said party of the first part has hereto set his hand and seal the —— day and year above written.

"Witnessed by          ARTHUR J. ARTMAN [L. S.]

                       D. J. BISSELL         [L. S.]

                       EMORY ELMORE          [L. S.] "

On the 18th day of October, 1890, the parties of the second part assigned all their interest in and rights under the contract to the

plaintiffs, but the defendant was not informed of such assignment until the 21st day of February, 1891, mentioned below.

On the 3d day of January, 1891, the defendant personally served on each of the parties of the second part, a notice in writing as follows:

"To David J. Bissell and to Emory Elmore, I, Arthur Artman, hereby withdraw any and all offers heretofore made by me to you or to either of you for the sale of my farm, and for sale of the rights and privilege of mining on said farm for salt or minerals, and particularly the offer in writing dated September 23, 1890.

"Dated *January* 3, 1891.

"(Signed)             ARTHUR ARTMAN."

On the 21st day of February, 1891, the plaintiffs notified the defendant of the assignment of the agreement to them and that they had elected to take a conveyance of the mining rights specified therein, and to pay him the fifteen dollars an acre therefor, and tendered to him the full price thereof, viz., the sum of $1,815, in money, and at the same time presented to him an instrument purporting to be a deed prepared for execution by himself and wife, in due form, to convey such mining rights in accordance with the alternative provisions of the agreement aforesaid.

The defendant declined to accept the money or to execute the deed; he made no objection to the sufficiency of the tender made, nor to the form of the deed presented for execution, but declared that he had changed his mind and had decided not to make any conveyance under the agreement. The plaintiffs thereupon notified him that they should deposit the sum in a bank named, to be paid to him whenever he should execute the deed presented, and they did so.

On the trial of the action the defendant offered evidence to show that no consideration was, in fact, paid to the defendant under the agreement, for the option given by him thereby to the plaintiffs' assignors. The evidence was objected to by the plaintiffs and was excluded. We think the exception to this ruling raises the only substantial question in the case.

It is apparent on the face of the agreement in question that as an executory contract it was wholly without mutuality. It contains no covenant or promise of the parties of the second part. They agree

to do nothing. The defendant proposes to let them have his farm or certain mining privileges therein at prices specified, and gives them five months in which to decide whether they will take either or neither. What they take under this contract, if it is a valid one, is simply a refusal of the choice. Of course if there has been no consideration for the agreement, it is *nudum pactum*, it is not valid and cannot be enforced; and the evidence now in question was offered for the purpose of showing that no consideration was, in fact, paid by the plaintiffs' assignors for the option and the refusal which the contract purports to assure to them.

The evidence was, no doubt, properly excluded. If admitted it would have done violence to some elementary principles of the law of evidence bearing upon the credit and validity belonging to instruments in writing and under seal. The principles referred to may, perhaps, be embodied in a rule to the effect that while the mere presumption of a consideration which arises from the use of seals in the execution of the instrument, is subject to rebuttal (Code Civ. Pro. § 840), the expression of a consideration in such instrument, is not subject to contradiction for the purpose or with the effect of invalidating the instrument. (*Murdock* v. *Gilchrist,* 52 N. Y. 246; *Rockwell* v. *Brown,* 54 id. 213.) The recital of a consideration in a deed is conclusive as to the fact that there was a consideration for the deed. (*Grout* v. *Townsend,* 2 Den. 335; *Murdock* v. *Gilchrist, supra.*) The consideration actually paid or promised may be shown to have been other than that recited in the instrument, or the fact of payment of the consideration agreed upon may be contradicted in an action for its recovery, but the existence of a sufficient consideration when expressed in an instrument under seal is not subject to dispute.

The contract in question, although without mutuality in its covenants, was not void for want of consideration, and the defendant was not at liberty to rescind it during the time given for the exercise of the option by the parties of the second part or their assigns.

The tender of the plaintiffs was sufficient in amount, as was admitted by the defendant, and the evidence shows that it was kept good in the manner proposed by the plaintiffs and not objected to by the defendant either at the time it was made or by his answer in this action or on the trial. (*Kalpin* v. *Phenix Ins. Co.,* 118 N. Y.

165, 178.) The conditions annexed to the tender seem to have been only those upon which the plaintiffs had a right to insist, and no objection was made to them at any time. (See case last above, and cases cited at page 176.)

The objection to equitable relief is plainly not tenable in this action. In the nature of the case there could be no assessment of damages for the failure to perform the covenant to convey the mining privileges, the value of which could only be ascertained by their actual exercise.

We find no error in the disposition of the case by the learned referee, and the judgment entered upon his report should be affirmed.

Lewis, Macomber and Haight, JJ., concurred.

Judgment appealed from affirmed, with costs.