JOHN K. COCHRAN, Appellant, *v.* MABEL N. TAYLOR, Respondent.

Argued January 13, 1937; decided March 9, 1937.

*John W. Hollis* for appellant. The trial court erred in permitting defendant to contradict and invalidate the terms of the written agreement by parol evidence. (*Fuller* v. *Artman*, 24 N. Y. Supp. 13; *Watkins* v. *Roberison*, 105 Va. 269; *McMillan* v. *Ames*, 33 Minn. 257; *Mathews Slate Co.* v. *New Empire Slate Co.*, 122 Fed. Rep. 972; *Bosh* v. *Humboldt Mutual Fire & Marine Ins. Co.*, 35 N. J. L. 429; *Weaver* v. *Burr*, 31 W. Va. 736; *Black* v. *Maddox*, 104 Ga. 157; *McCrea* v. *Purmont*,

16 Wend. 460; *Ruppert* v. *Singhi,* 243 N. Y. 156; *James-town Business Collage Assn.* v. *Allen,* 172 N. Y. 291; *Olin* v. *Arendt,* 58 N. Y. Supp. 429; *Watkins Salt Co.* v. *Mulkey,* 225 Fed. Rep. 739.) A contract under seal and reciting a nominal consideration is a valid and enforceable agreement. (*Fuller* v. *Artman,* 24 N. Y. Supp. 13; *Lewis* v. *Bollinger,* 187 N. Y. Supp. 563; *Mathews Slate Co.* v. *New Empire Slate Co.,* 122 Fed. Rep. 972; *Thomason* v. *Beecher,* 176 N. C. 622; *McCrea* v. *Purmont,* 16 Wend. 460; *Black* v. *Maddox,* 104 Ga. 157; *Weaver* v. *Burr,* 31 W. Va. 736; *O'Brien* v. *Boland,* 166 Mass. 481; *Watkins* v. *Robertson,* 105 Va. 269; *Willard* v. *Taylore,* 75 U. S. 557; *Storm* v. *United States,* 94 U. S. 76; *Aller* v. *Aller,* 40 N. J. L. 446.) The contract as entered into constituted a valid agreement on the part of the defendant to sell the property at any time within one hundred and twenty days at the agreed price and upon the conditions therein stated, which could not be withdrawn before the expiration of the period provided. (*Fuller* v. *Artman,* 24 N. Y. Supp. 13; *McMillan* v. *Ames,* 33 Minn. 257; *Seyferth* v. *Groves & Sand Ridge R. R. Co.,* 217 Ill. 483.) The attempted revocation on the part of the defendant was ineffectual. (*McMillan* v. *Ames,* 33 Minn. 257; *Watkins* v. *Robertson,* 105 Va. 269; *Seyferth* v. *Grove & Sand Ridge R. R. Co.,* 217 Ill. 483; *Thomason* v. *Beecher,* 176 N. C. 622; *Willard* v. *Taylore,* 75 U. S. 557; *O'Brien* v. *Boland,* 166 Mass. 481; *Adams* v. *Peabody Coal Co.,* 230 Ill. 469.) Even were the evidence competent that the dollar recited in the agreement was not paid, it would not constitute a defense to the action, as the agreement is based upon a sufficient consideration which was tendered, payment waived and the defendant is estopped from repudiating her own act. (*Seyferth* v. *Groves & Sand Ridge R. R. Co.,* 217 Ill. 482; *Thomason* v. *Beecher,* 176 N. C. 622; *Kam* v. *Benjamin,* 42 N. Y. Supp. 99; *Williams* v. *Whittell,* 74 N. Y. Supp. 820.) An option for a specified period of time under seal, or based upon a nominal consideration, is irrevocable during the period stated,

and upon acceptance becomes a bilateral enforceable contract. (*Fuller* v. *Artman*, 24 N. Y. Supp. 13; *Wells* v. *Wells*, 40 N. Y. Supp. 836; *Olin* v. *Arendt*, 58 N. Y. Supp. 429; *Forgotson* v. *Cragin*, 70 N. Y. Supp. 979; *Mathews Slate Co.* v. *New Empire Slate Co.*, 122 Fed. Rep. 972; *Spitzli* v. *Guth*, 183 N. Y. Supp. 743; *Thomason* v. *Beecher*, 176 N. C. 622.)

*Francis B. O'Connor* for respondent. The option contains no mutual covenants. The sum of one dollar or any other sum was not, in fact, paid, and there was no consideration. It was a purely gratuitous promise and standing alone was unenforceable against the will of the optioner. (*Presbyterian Church of Albany* v. *Cooper*, 112 N. Y. 517; *Strobe* v. *Netherland Co.*, 245 App. Div. 573.) There having been no consideration for the alleged option, it is a mere offer to sell and could be revoked at any time before acceptance, and, having been revoked before acceptance, the plaintiff's attempted acceptance and attempt to exercise the option, after such revocation and withdrawal of the offer contained in the option, was a nullity. (*Ganss* v. *Guffey Petroleum Co.*, 125 App. Div. 760; 131 App. Div. 897; 198 N. Y. 574; *Quick* v. *Wheeler*, 78 N. Y. 300; *Pomeroy* v. *Newell*, 117 App. Div. 800; *Pettibone* v. *Moore*, 75 Hun, 461; *Petterson* v. *Pattberg*, 248 N. Y. 86; *Finizio* v. *American Steel Export Co.*, 192 App. Div. 571; 233 N. Y. 514; *Eckstein* v. *Chapkewitz Fur Co.*, 131 Misc. Rep. 167; *Poe* v. *Ulrey*, 233 Ill. 56; *Boston & Maine R. R.* v. *Bartlett*, 3 Cush. 224; *Gross* v. *Stampler*, 165 N. Y. Supp. 214; *Morrison* v. *Johnson*, 148 Minn. 343.) Parol evidence is admissible to show want of consideration even though the purported option is under seal and recites a consideration of one dollar, the receipt of which is acknowledged and confessed. (*Case* v. *Boughton*, 11 Wend. 107; *Johnson* v. *Miln* 14 Wend. 195; *Fay* v. *Richards & Haywood*, 21 Wend. 626; *Wilson* v. *Thompson*, 10 Barb. 308; *Baird* v. *Baird*, 81 Hun, 300; 145 N. Y. 659; *Stromblad* v. *Hanover Fire Ins.*

*Co.*, 121 Misc. Rep. 322; *Hutchison* v. *Ross*, 262 N. Y. 381; *Harris* v. *Shorall*, 230 N. Y. 343; *Lagumis* v. *Gerard*, 116 Misc. Rep. 471; *McCreery* v. *Day*, 119 N. Y. 1; *Thomson* v. *Poor*, 147 N. Y. 402; *Ambler* v. *Smith*, 237 App. Div. 226; *Smith* v. *Dotterweich*, 200 N. Y. 299; *Bernstein* v. *Kritzer*, 253 N. Y. 410.) The purported assignment from the optionee to plaintiff did not vest in the plaintiff any right to demand performance by the defendant or to compel the defendant specifically to perform by an action in equity, for the reason that the purported option purports to offer to the optionee the right to purchase defendant's property on credit and no one but the optionee could exercise the option, except with the consent of the defendant, and such consent has not been given by the defendant. (*Lojo Realty Co.* v. *Estate of Johnson*, 227 App. Div. 292; 253 N. Y. 579; 235 App. Div. 68; 261 N. Y. 625; 266 N. Y. 670; *Epstein* v. *Gluckin*, 233 N. Y. 490; *Gargiulo* v. *California Wineries & Distilleries*, 103 Misc. Rep. 691; *Grosso* v. *Sporer*, 123 Misc. Rep. 796; *Hugel* v. *Habel*, 132 App. Div. 327; *Dittenfass* v. *Horsley*, 177 App. Div. 143; 224 N. Y. 560; *Wadick* v. *Mace*, 191 N. Y. 1; *Ide* v. *Brown*, 178 N. Y. 26; *Schuyler* v. *Kirk-Brown Realty Co.*, 193 App. Div. 269; *Ferguson Contracting Co.* v. *Helderberg Cement Co.*, 135 App. Div. 494.)

RIPPEY, J. On October 20, 1934, an agreement in writing and under seal was executed in duplicate, duly acknowledged and delivered by and between defendant and one William B. Chenault, whereby the former gave to Chenault an option to buy certain real and personal property located in Allegany county, New York, for $115,000 at any time within 120 days thereafter upon terms and conditions therein specified, and agreed to sell and convey the same to Chenault on condition that Chenault should, within such period of time, give her written notice of his intention to buy. On November 13, 1934, defendant notified Chenault that she revoked,

rescinded and withdrew the offer to sell on the ground, as she asserted, that the contract was without consideration and was obtained from her through duress, fraud and undue influence. Chenault assigned all of his interest in the agreement to plaintiff on December 21, 1934, and on January 11, 1935, the latter served the required notice of his election to buy. Complying with the provisions of the agreement, plaintiff demanded delivery within thirty days of abstracts of title and of a suitable instrument of conveyance. Upon refusal of defendant to perform, this action for specific performance was brought.

The answer put in issue the material allegations of the complaint. Additionally, defendant set up, as defenses, (1) that the agreement was only an offer to sell, was without consideration and was revoked and withdrawn before acceptance and prior to the time of assignment to plaintiff who took the assignment with knowledge of the withdrawal and revocation, (2) that the option was not assignable and plaintiff acquired no interest by the assignment, and (3) that defendant's signature to the instrument and its delivery by her were obtained through imposition, fraud and undue influence. A counterclaim was interposed for damages arising out of the recording of the instruments which, it was asserted, prevented defendant from disposing of her property and from enjoying the full use and benefit thereof, all of which was put in issue by the reply.

The trial court found that there was no valid acceptance or tender of performance by plaintiff or by Chenault and sustained the first two defenses mentioned. No finding or decision was made on the material question of fact as to whether the execution and delivery of the instrument were procured, as defendant asserts, by plaintiff or by Chenault or by both through imposition, undue influence or fraud. The trial court specifically stated in his opinion that he limited his decision to holding that the option was *nudum pactum*, that defendant had a right

to withdraw, revoke and cancel it and that, since the option by its terms involved the extension of credit to Chenault, it was not assignable to plaintiff or, in any event, enforcible by plaintiff without a tender of a bond executed by Chenault. Judgment was entered dismissing the complaint, with costs. The Appellate Division in the fourth department affirmed by a divided court upon the findings of fact as made by the trial court. The judgment appealed from cannot be sustained unless it can be held, as matter of law, that the option was without consideration, was not assignable and was not accepted according to its terms.

It is the rule that an offer or an option, not under seal or given for a consideration, may be revoked at any time before acceptance (1 Williston on The Law of Contracts [Rev. ed., 1936], § 55; *Petterson* v. *Pattberg*, 248 N. Y. 86, 88; *Boston & Maine R. R.* v. *Bartlett*, 3 Cush. [Mass.] 224.) That rule has no application here. In the instant case the agreement was *under seal* and the receipt of a consideration was acknowledged and confessed. In the body of the instrument the parties recited that they attached their seals, thereby establishing their intention concerning the sealing of the instrument, and, at the end, added the seal in the form required by section 44 of the General Construction Law (Cons. Laws, ch. 22). It cannot be successfully argued that the agreement was not a sealed instrument carrying with it all the force and implications attributable to an instrument so executed. The cases of *Matter of Pirie* (198 N. Y. 209) and *Empire Trust Co.* v. *Heinze* (242 N. Y. 475) hold nothing to the contrary. In the *Pirie* case the seal was present but an expression of intent to make the instrument one under seal was lacking. In the *Heinze* case the intention was expressed but the seal was lacking.

Prior to the time the law required consideration to support a contract, the seal was used conclusively to establish the authenticity and binding effect of the instrument to which it was attached. (1 Williston on The Law

of Contracts [Rev. ed., 1936], §§ 109, 217.) The use and binding effect of the seal dates back to at least 2900 B. C. (Report of Law Revision Commission, Legislative Document, [1936] No. 65, p. 235.) Williston points out (§ 217) that long before the action of assumpsit was developed, a promise under seal but without consideration was binding and that it was binding by its own force by the common law (§ 109.) It is agreed upon substantially universal authority that a statement of consideration in a sealed instrument is unnecessary. (*Thomason* v. *Bescher*, 176 N. C. 622; 2 A. L. R. note, p. 631.) It is also frequently stated by the courts that a sealed instrument carries with it a presumption that it is given for a valid consideration without the necessity of a recital of the consideration therein and that the party signing and sealing is estopped to assert lack of consideration. (*Fuller* v. *Artman*, 69 Hun, 546; *Petrie* v. *Barckley*, 47 N. Y. 653; *Torry* v. *Black*, 58 N. Y. 185; *Stiebel* v. *Grosberg*, 202 N. Y. 266; *McMillan* v. *Ames*, 33 Minn. 257; *Watkins* v. *Robertson*, 105 Va. 269; *Weaver* v. *Burr*, 31 W. Va. 736.) Williston asserts that though it has been expressed that a sealed instrument " imported " a consideration, " however expressed the law has always been clear that apart from changes made by statute, a sealed promise, whether absolute or in the form of an offer, is binding without consideration." (§ 217.) He adds that while there are cases where equity will not enforce a voluntary covenant, an option is not one of them. Throughout the centuries, the rule as to the binding effect of the seal has been founded in reason and based on necessity. Today, in the face of the tremendous number of business transactions open to investigation by the courts, reason continues to dictate and necessity to require more forcefully than before that a party to a sealed instrument should be estopped to assert want of consideration. (1 Williston on The Law of Contracts [Rev. ed., 1936], § 219.)

The first statute in this State in any manner affecting the common law rule as to the conclusive character of the seal was the act of 1828 (2 R. S. [1st ed.] p. 406, pt. 3, ch. 7, tit. 3, § 77) which provided that the seal should be only *" presumptive evidence of a sufficient consideration,* which may be rebutted in the same manner, and to the same extent, as if such instrument were not sealed." That act remained in effect until amended by chapter 448 of the Laws of 1876 (Code of Remedial Justice, § 840) to read, " A seal upon an executory instrument is only presumptive evidence of a sufficient consideration, which may be rebutted, as if the instrument was not sealed." In chapter 416 of the Laws of 1877 (Code Civ. Proc. § 840) the words " hereafter executed " were inserted after the first word " instrument." In that form the statute remained until 1920, when the words " hereafter executed " were stricken out and the statute, thus amended, continued to September 1, 1935. These statutory changes in the common law rule refer only to the question of *" sufficient consideration,"* and as to the sufficiency of the consideration, the seal, it is declared, shall be only presumptive evidence. The memorandum opinion in *Baird* v. *Baird* (145 N. Y. 659, 665), where it was said, among other things, that under section 840 of the Code of Civil Procedure " it is now open to the maker of such an instrument to allege and prove the absence of any consideration in fact as a defense," did not receive the approval of a majority of this court. The question of sufficiency of consideration has always been open to inquiry and the statute is merely declaratory of the common law, but the " consideration implied by the seal cannot be impeached for the purpose of invalidating the instrument or destroying its character as a specialty." (*McMillan* v. *Ames, supra; Fuller* v. *Artman, supra.*) Whether the intent and effect of chapter 708 of the Laws of 1935 (in effect September 1, 1935) was to destroy the conclusive effect of the seal on a written instrument, we are not here called upon to determine. The instrument

in suit was executed and delivered prior to the time that act went into effect.

The instrument in suit recited a consideration of one dollar which the defendant " acknowledged and confessed " she had received. Oral evidence was admitted, over plaintiff's objection and exception, to the effect that neither the one dollar nor any other sum was paid by Chenault to defendant. It was upon this testimony that the court found and concluded that the instrument was without consideration, a mere offer, and revocable at any time before acceptance. Such evidence did not warrant the facts found nor the conclusion drawn. (*Lawrence* v. *McCalmont,* 2 How. [U. S.] 426.) Sometimes equity will inquire into the real consideration for the purpose of applying equitable principles on questions of enforcement arising in actions for specific performance. Equity will not refuse, however, to decree specific performance solely on the ground of inadequacy of consideration. (Pomeroy on Equity Jurisprudence [4th ed.], vols. 2 and 5, §§ 926, 2212.) There must be other grounds. But parol evidence is inadmissible to question or contradict the recited consideration in the sealed instrument for the purpose of showing that it was void for lack of consideration and thus to defeat it. (*Fuller* v. *Artman, supra; McMillan* v. *Ames, supra; M'Crea* v. *Purmort,* 16 Wend. 460; *Groul* v. *Townsend,* 2 Den. 336; *Ruppert* v. *Singhi,* 243 N. Y. 156, 159; *Jamestown Business College Assn.* v. *Allen,* 172 N. Y. 291; *Poe* v. *Ulrey,* 233 Ill. 56.) In *Lawrence* v. *McCalmont* (2 How. 426, at p. 452) Mr. Justice STORY said: " The second [defense] is, that the payment of the one dollar is merely nominal and not sufficient to sustain the guarantee, if it had been received; and it is urged that it was not received. As to this last point, we feel no difficulty. The guarantor acknowledged the receipt of the one dollar, *and is now estopped to deny it.* If she has not received it, she would now be entitled to recover it. A valuable consideration, however small or nominal, if given or stipulated for in good faith, is, in the absence of

fraud, sufficient to support an action on any parol contract; and this is equally true as to contracts of guarantee as to other contracts. A stipulation in consideration of one dollar is just as effectual and valuable a consideration as a larger sum stipulated for or paid."

It is unnecessary to discuss or decide whether an option to purchase mineral rights and the like carries with it an interest in the land itself. It is sufficient here to say that the option in suit carries with it a presently existing contract right as valuable as the property promised to be conveyed and partakes of the incident of assignability. The option was not necessarily personal in its character. It did not involve the integrity or skill of Chenault, nor was it possible to say, as found by the trial court, that, in executing and delivering the agreement, defendant relied on the credit of Chenault. Assignment was not barred by any express terms contained in the instrument and it was not forbidden by statute or public policy. It was, under the general rule prevailing in this State as to assignability of property rights, assignable by Chenault. (*Devlin* v. *Mayor, etc.*, 63 N. Y. 8; *Rosenthal Paper Co.* v. *National Folding Box & Paper Co.*, 226 N. Y. 313, 325.) Aside from the above, the parties asserted in the instrument that "this agreement is binding upon the respective parties, personal representatives, heirs, and assigns," and its assignability, within the clear and expressed intent of the parties, was thereby established.

Plaintiff accepted the offer in due form within the time required. For reasons that are clear, defendant could not decline to acknowledge that the acceptance was sufficient. By the express terms of the instrument, Chenault or his assignee was not required to pay the whole or any part of the purchase price or to execute and deliver or tender a mortgage as security for any unpaid part thereof until "the time of the closing of the sale and title." As a preliminary to closing and within thirty days after plaintiff elected to buy, defendant agreed to furnish the necessary

evidence showing merchantable title with abstracts going back at least forty years and to prepare the necessary instruments of conveyance. Upon receipt of the evidences of title and abstracts, plaintiff thereafter had a reasonable time to perform. Before he was required to act, defendant refused to perform. He had accepted the offer and had agreed to perform according to the express terms of the contract. Further or different tender was unnecessary, for equity will not require the performance of a useless act. In plaintiff's written acceptance, he stated that he elected to pay twenty per cent of the purchase price on delivery of the deed and give back a mortgage for the unpaid balance, as he had a right to do under the terms of the contract. The contract further provided, however, that Chenault might, at his option, pay the entire purchase price. Prior to the submission of the case, a tender was made to defendant of the entire sum of $115,000 in cash, which tender was kept alive. By the terms of the contract and because of this tender the defendant could no longer object to completing the transaction and making the conveyance, as she promised to do, upon any theory that she could not be compelled to accept a part of the purchase price and the mortgage of Cochran as security for the unpaid balance without the accompanying bond of Chenault. It is sufficient to say that the terms of the written contract between the parties are clear and unequivocal. The contract provided that a mortgage covering the property conveyed should be her security and no mention of a bond by any one is made.

The written option, being under seal and founded upon a valid consideration, could not be withdrawn, revoked or rescinded at will by defendant within the time within which she agreed that Chenault and his assigns might accept. (*Fuller* v. *Artman, supra; Thomason* v. *Bescher*, 176 N. C. 622; 2 A. L. R. note, p. 631, 6 R. C. L. [Contracts] § 26.) It was a unilateral contract to convey, subject only to one express condition. (*Heller* v. *Pope*, 250 N. Y. 132.) When Chenault's assignee gave written notice within

the time specified that he elected to buy, the condition was fulfilled and the unilateral option was thereby converted into a bilateral contract. (*Heller* v. *Pope, supra; Thomason* v. *Bescher, supra.*) The contract was reasonably certain in its terms, its subject-matter, its purposes and its parties. By acceptance, it became mutual in its obligations and its remedies. Upon the defendant's refusal to perform, the contract was enforcible by the assignee in an action for specific performance, in the absence of any available and satisfactorily established defense or counterclaim of an equitable character existing against the assignee or against Chenault before notice to defendant of the assignment. (*Trustees of Hamilton College* v. *Roberts*, 223 N. Y. 56; 4 Pomeroy on Equity Jurisprudence [4th ed.], § 1405; 2 Williston on The Law of Contracts [Rev. ed., 1936], § 415. Cf. *State Bank* v. *Central Mercantile Bank*, 248 N. Y. 428, 434–436.)

The judgment of the Appellate Division and that of the Trial Term should be reversed and a new trial granted, with costs to the appellant to abide the event.

CRANE, Ch. J., LEHMAN, O'BRIEN, HUBBS and LOUGHRAN, JJ., concur; FINCH, J., taking no part.

Judgments reversed, etc.