EARL J. HELMICK and FREDERICK KANE, Executors, etc., of LILLY KORDES, Deceased, Plaintiffs, *v.* FREDERICK PROBST, Defendant.

Supreme Court, Special Term, Queens County, January 26, 1939.

*William L. Schrauth*, for the plaintiffs.

*Christman, McKeon & Hess [Walter J. Hess* of counsel], for the defendant.

FROESSEL, J.  This is a motion by defendant for summary judg‑ ment, dismissing plaintiffs' complaint upon the ground that the

second affirmative defense, together with a concession as to a written agreement hereinafter referred to, constitute a complete bar to plaintiffs' action.

The action is simply for an indebtedness of $8,000 claimed to be owing from defendant to plaintiffs' testatrix. Five affirmative defenses are pleaded in the answer. The only one with which we are concerned upon this motion is the second, it being conceded that the remaining defenses raise triable issues. The second affirmative defense incorporates by reference a written agreement under seal, entered into between the defendant as party of the first part and plaintiffs' testatrix as party of the second part, on September 17, 1932, to which no reference is made in the complaint. Plaintiffs, however, for the purpose of this motion, have conceded that the moneys sued for are the same $8,000 mentioned in the said agreement. Inasmuch as this factual concession was necessary, this motion is made under rule 113 instead of under rule 112 of the Rules of Civil Practice.

The said agreement, after reciting the aforementioned indebtedness, provides:

" That the party of the first part will continue to pay the interest upon said obligation semi-annually and will pay the principal sum at any time upon demand by the party of the second part. And the party of the second part hereby agrees that should the party of the second part predecease the party of the first part, that this agreement shall be null and void on the part of the party of the first part to pay said sum of Eight Thousand ($8,000.00) Dollars, and the party of the second part hereby cancels said obligation owing by the party of the first part, and she further declares that the said party of the first part shall not be obligated in any way to pay to her legal representatives any part or all of said sum of Eight Thousand ($8,000.00) Dollars, nor any interest which may have accrued during the lifetime of the party of the second part, and not collected by the said party of the second part.

" It being the intention of the parties hereto that the party of the second part is to receive the income from the said Eight Thousand ($8,000.00) Dollars obligation as long as she lives and upon her death that the indebtedness be cancelled, but it is further understood and agreed that in the event the party of the first part shall predecease the party of the second part, that then the obligation shall be in full force and effect, and the estate of the party of the first part shall be indebted to the party of the second part for the full amount thereof, and accrued interest from the date of the death of the party of the first part."

By the pleadings it is admitted that plaintiffs' testatrix died on December 23, 1937, and there is no dispute but that defendant performed the agreement according to its terms.

Defendant claims that this agreement, having been supported by consideration and having been duly performed by both sides, is a complete bar to plaintiffs' cause of action. Plaintiffs, on the other hand, contend (1) that the agreement is legally unenforcible as being testamentary in character, and that, therefore, the question of consideration is not involved; (2) if consideration is involved, it is a question of fact which may not be summarily disposed of.

I have carefully examined the several authorities cited by plaintiffs, purporting to support their first contention, and cannot find in even a single instance any application to the case at bar. Without exception, not one authority cited by plaintiffs bears the earmarks of a contractual relationship based on consideration. What is involved here is neither a gift nor a will, but a contract in writing and under seal, duly executed and acknowledged, and expressly reciting consideration.

The courts of this State have repeatedly recognized and enforced contracts which transfer property upon the demise of a party. Illustrative of these cases is *Ga Nun* v. *Palmer* (216 N. Y. 603). There plaintiff agreed in writing to care for defendant's testatrix so long as she lived, and the latter promised to pay her seventy dollars per month " and at my death she is to have $20,000." Six months later the said testatrix changed her mind and went to live with a friend until she died, six years later. Her will gave her friend everything. CARDOZO, J., writing for an unanimous court, said (at pp. 609, 610): " It makes no difference in such circumstances that part of the reward is payable after death. The character of the promise is not changed by the time fixed for its performance (*Hegeman* v. *Moon*, 131 N. Y. 462; *Carnwright* v. *Gray*, 127 N. Y. 92; *Robb* v. *Washington & Jefferson College*, 185 N. Y. 485). It makes no difference that the reward may seem to be extravagant in amount. Unless there is fraud or undue influence, the inadequacy of the consideration does not destroy the obligation of the contract (*Earl* v. *Peck*, 64 N. Y. 596; *Matter of Bradbury*, 105 App. Div. 250, 255). * * * The canon of construction which prefers the meaning that will sustain rather than one that will defeat an instrument, reinforces these conclusions. Treat the promise as testamentary, and it is not effective for any purpose; there is no suggestion that the writing was executed with the formalities requisite for wills. Treat it as contractual, and it is precisely adapted to the attainment of the end in view. In fine we discover in this writing all the elements of a valid con-

tract, and we are not at liberty, for the purpose of destroying its validity, to construe it as anything else."

Coming now to plaintiffs' second contention, namely, that if the agreement in suit is enforcible, consideration is a question of fact and raises a triable issue even though the agreement is under seal, it would seem that the case of *Cochran* v. *Taylor* (273 N. Y. 172) completely destroys this claim.

In the first place, the agreement in question was in fact under seal, and the intention to seal was definitely expressed. At the time the instrument in suit was executed (September 17, 1932) section 342 of the Civil Practice Act provided as follows: " Seal on executory instrument as evidence of consideration. A seal upon an executory instrument is only presumptive evidence of a sufficient consideration, which may be rebutted as if the instrument was not sealed." In the *Cochran* case, which reviewed historically the statutory law of this State governing seals on written instruments, it was pointed out (at p. 180): " These statutory changes in the common law rule refer only to the question of ' *sufficient considera-tion,*' and as to the sufficiency of the consideration, the seal, it is declared, shall be only presumptive evidence. * * * The question of sufficiency of consideration has always been open to inquiry and the statute is merely declaratory of the common law, but the ' consideration implied by the seal cannot be impeached for the purpose of invalidating the instrument or destroying its character as a specialty.' (*McMillan* v. *Ames,* 33 Minn. 257; *Fuller* v. *Artman,* 69 Hun, 546.) "

Inasmuch as the present case is not one where the *sufficiency* of the consideration is involved, but merely the question of whether or not there is any consideration, the common-law rule as to the conclusive character of the seal applies, and that is so whether the contract is executed or executory.

Secondly, the agreement recites " that for and in consideration of the sum of One ($1.00) Dollar each to the other in hand paid, *the receipt of which is hereby acknowledged,* and other good and valuable consideration," it is agreed, etc.

Again, in the *Cochran* case, where " Oral evidence was admitted, over plaintiff's objection and exception, to the effect that neither the one dollar nor any other sum was paid," RIPPEY, J., speaking for a unanimous court, said (at pp. 181, 182): " But parol evidence is inadmissible to question or contradict the recited consideration in the sealed instrument for the purpose of showing that it was void for lack of consideration and thus to defeat it. [Citing cases.] In *Lawrence* v. *McCalmont* (2 How. 426, at p. 452) Mr. Justice STORY said: ' The second [defense] is, that the payment of the one

dollar is merely nominal and not sufficient to sustain the guarantee, if it had been received; and it is urged that it was not received. As to this last point, we feel no difficulty. The guarantor acknowledged the receipt of the one dollar, *and is now estopped to deny it.* If she has not received it, she would now be entitled to recover it. A valuable consideration, however small or nominal, if given or stipulated for in good faith, is, in the absence of fraud, sufficient to support an action on any parol contract; and this is equally true as to contracts of guarantee as to other contracts. A stipulation in consideration of one dollar is just as effectual and valuable a consideration as a larger sum stipulated for or paid.' "

I am, therefore, constrained to hold that the said agreement constitutes a bar to plaintiffs' action and that defendant is entitled to summary judgment, and the motion is granted accordingly.