UNITED STATES TRUST COMPANY OF NEW YORK, Appellant, *v.* FREDERICK T. FRELINGHUYSEN et al., Respondents.

Argued June 15, 1942; decided July 29, 1942.

*M'Cready Sykes* and *George L. Shearer* for appellant. The liability being founded on a sealed instrument, defendants are estopped to attack the instrument on a claim of absence of consideration. (*Cochran* v. *Taylor*, 273 N. Y. 172; *Baird* v. *Baird*, 145 N. Y. 659; *Fuller* v. *Artman*, 69 Hun, 546; *Matter of Levy*, 169 Misc. Rep. 785; *Helmick* v. *Probst*, 170 Misc. Rep. 284.) Irrespective of the binding character imparted to the instrument by the seal, actual consideration was conclusively shown. (*Atlantic Nat. Bank of New York* v. *Franklin*, 55 N. Y. 235; *Walton Water Co.* v. *Walton*, 207 App. Div. 708; *Strong* v. *Sheffield*, 144 N. Y. 392; *Houswald* v. *Katz*, 222 App. Div. 651; *Brumm* v. *Gilbert*, 50 App. Div. 430; *Wood* v. *Duff-Gordon*, 222 N. Y. 88; *Surace* v. *Danna*, 248 N. Y. 18; *Price* v. *Spielman Motor Sales Co.*, 261 App. Div. 626; *Merritt* v. *Todd*, 23 N. Y. 28.)

*Lloyd F. Thanhouser*, *R. Randolph Hicks* and *Nicholas J. Campbell, Jr.*, for respondents. Plaintiff's own evidence proved that there was in fact no consideration for defendants' undertaking. (*McGovern* v. *City of New York*, 234 N. Y. 377; *Strong* v. *Sheffield*, 144 N. Y. 392; *Atlantic Nat. Bank* v. *Franklin*, 55 N. Y. 235; *Glahn* v. *Clark*, 251 App. Div. 747; *Brumm* v. *Gilbert*, 50 App. Div. 430.) Plaintiff was not entitled to any presumption of consideration for the instrument in suit. (*Weeks* v. *Elser*, 143 N. Y. 374; *Matter of Pirie*, 198 N. Y. 209; *Empire Trust Co.* v. *Heinze*, 242 N. Y. 475; *Transbel Investing Co.* v. *Venetos*, 279 N. Y. 207; *Cochran*

v. *Taylor*, 273 N. Y. 172; *Brooklyn Public Library* v. *City of New York*, 222 App. Div. 422; 250 N. Y. 495; *Howie* v. *Kasnowitz*, 83 App. Div. 295; *Recknagel* v. *Steinway*, 58 App. Div. 352; *Mockowick* v. *Kansas City Ry. Co.*, 196 Mo. 550; *Matter of Matthews*, 143 App. Div. 561; *Johnson* v. *Miln*, 14 Wend. 195; *Mann* v. *Eckford's Executors*, 15 Wend. 502; *Fay* v. *Richards*, 21 Wend. 626; *Olin* v. *Arendt*, 27 Misc. Rep. 270; *Hull* v. *Hull*, 172 App. Div. 287; 225 N. Y. 342; *Harris* v. *Shorall*, 230 N. Y. 343.)

LOUGHRAN, J. Prior to September 1, 1935, the former section 342 of the Civil Practice Act made this provision: "A seal upon an executory instrument is only presumptive evidence of a sufficient consideration, which may be rebutted as if the instrument was not sealed." This case presents questions as to the scope and effect of that former text.

The action is one for a judgment declaring the respective rights and legal relations of the parties under a so-called collateral bond which the defendants delivered to the plaintiff on February 16, 1932. This bond is an instrument under seal. Plaintiff won at Special Term where the court found that " such instrument was executed and delivered for a valuable consideration." On appeal by the defendants, the Appellate Division said: " As defendants' bond was under seal there was a presumption of consideration in view of the provisions of section 342 of the Civil Practice Act in effect at the time the instrument was executed. Plaintiff, however, upon the trial, did not rest upon this presumption, but introduced evidence setting forth all of the facts in connection with the execution of the bond. * * * Under the circumstances whatever presumption was raised by statute merged into the issue of fact raised by plaintiff's own proof. Presumptions are indulged in to supply the place of facts. They are never allowed against ascertained and established facts. When these appear, presumptions disappear. * * * Upon the proof submitted we find that consideration was lacking." (262 App. Div. 259, 261.) For the reasons so stated, the complaint was dismissed. An appeal by the plaintiff to this court followed.

We cannot accept the foregoing reasoning of the Appellate Division. At common law the failure of an expected consideration

was no defense to an action on a sealed executory instrument (*Dorlan* v. *Sammis*, 2 Johns. 179; *Dorr* v. *Munsell*, 13 Johns. 430). The former section 342 carried over the substance of earlier statutes which abolished that rule. (*Case* v. *Boughton*, 11 Wend. 106; *Tallmadge* v. *Wallis*, 25 Wend. 107; *Morgan* v. *Smith*, 7 Hun, 244; 70 N. Y. 537.) At common law a sealed instrument was good without consideration when a voluntary obligation was thereby intended. The former section 342 and its predecessors re-declared that principle (*Cochran* v. *Taylor*, 273 N. Y. 172). The collateral bond which the defendants gave to the plaintiff was said by them to be a gratuitous sealed obligation. Hence they were estopped from asserting any want of consideration therefor. (*Cochran* v. *Taylor*, *supra*.)

We have not overlooked the cases wherein a mortgagor has been allowed to defend a foreclosure action on the ground of original lack of consideration, notwithstanding the presence of a seal upon the mortgage. The reason for this discrimination is fairly evident: a statutory prosecution for the collection of a debt answers no purpose when the alleged debt never had an actual existence. (See *Briggs* v. *Langford*, 107 N. Y. 680; *Baird* v. *Baird*, 145 N. Y. 659, 664.)

The judgment of the Appellate Division should be reversed and that of Special Term affirmed, with costs in this court and in the Appellate Division.

LEHMAN, Ch. J., FINCH, RIPPEY, LEWIS and DESMOND, JJ., concur; CONWAY, J., dissents and votes to affirm on opinion below.

Judgment accordingly.