INHABITANTS OF BOOTHBAY *vs.* BENJAMIN P. GILES *et als.*

Lincoln.    Decided April 3, 1878.

*Tax. Bond.*

Generally the term "bond" implies an instrument under seal.

The official bond required of a collector of taxes must be a sealed instrument.

The words "witness our hands and seals," when no seal is attached, will not make the instrument, though otherwise in proper form, a bond.

An instrument, in form a bond, but containing no seal, voluntarily executed and delivered in lieu of of a bond and accepted therefor, is valid.

Its acceptance is a sufficient consideration to cover all official delinquencies in not paying over money actually collected after such acceptance.

ON REPORT.

ASSUMPSIT, against the defendant Giles, and two other defendants with him as co-promisors, for the faithful performance of his duties as collector of taxes for the year 1869. The instrument declared on was in form a statute bond but unsealed.

It was admitted that Giles collected, of the taxes of 1869, $9,295.45, and paid into the state, county and town treasury $7,386.32 prior to the date of the writ, and that he paid in no more on the tax of that year.

*J. Baker* with *H. Ingalls,* for the plaintiffs.

*A. P. Gould & J. E. Moore,* for the defendants.

VIRGIN, J.   At the annual meeting of the plaintiffs, held on March 8, 1869, the defendant, Benj. P. Giles, under a sufficient article in the warrant calling the meeting, (*Deane* v. *Washburn,* 17 Maine, 100.   *Spear* v. *Robinson,* 29 Maine, 531) having been duly elected (*Mussey* v. *White,* 3 Maine, 290) collector of taxes; and sworn (*Bennett* v. *Treat,* 41 Maine, 226); and never having " refused to serve or give the requisite bond " (Stat. 1865, c. 318, incorporated into R. S., c. 6, § 97.   *Morrell* v. *Sylvester,* 1 Maine, 248); was an officer of the town, duly qualified to execute any legal warrant for the collection of taxes duly committed to him.   The giving of an official bond by a collector is not, in the absence of a demand therefor, a condition precedent to his assuming the duties of his office, R. S. of 1857, c. 6, § 85, being only directory.   Stat. 1821, c. 116, § 23.   *Morrell* v. *Sylvester, supra.*   *Scarborough* v. *Parker,* 53 Maine, 252.

The warrant accompanying the tax lists, directed and delivered to Giles, was not, " in substance," the one prescribed by R. S. of 1857, c. 6, § 79, in that it exempted from distress " animals " and " other goods and chattels " exempted from attachment for debt in addition to those exempted in § 79.   And it being thus defective, the collector was excusable for not proceeding under it, and he could not be held liable for non-collection of the taxes. For it is well settled that a collector cannot be regarded as in fault for not enforcing the collection of taxes committed to him, when his warrant confers no authority to distrain (*Frankfort* v. *White,* 41 Maine, 537); or too little.   *Orneville* v. *Pearson,* 61 Maine, 552.   *Boothbay* v. *Giles,* 64 Maine, 403.

But while the collector was under no obligation to execute a warrant irregular on its face, the tax-payers may waive any formal defects and pay their taxes to the collector; and if he

receives them, the defective warrant is no defense against the claim of the town for the money thus actually received.   *Trescott* v. *Moan*, 50 Maine, 347, and cases.

In August, 1869, the defendants executed and delivered to the plaintiffs a written instrument, expressed in the precise terms of a collector's official bond, wherein Giles " as principal," and the other defendants " as sureties," affirm that their " hands and seals " " witness " that they " are held and firmly bound " unto the plaintiffs " in the sum of $25.000," to the payment of which they " bind " themselves, etc.   The condition of this " obligation " is in the terms of the statute.   R. S. of 1857, c. 6, § 85.   The only respect wherein this instrument differs from a complete, formal bond of a collector is that it has no seals affixed to the signatures. Generally the term " bond " implies an instrument under seal; but it does not, necessarily, one under seal, with a penalty or forfeiture.   *Stone* v. *Bradbury*, 14 Maine, 185.   But the official bond required by statute must be sealed; and such an instrument was evidently intended to be executed by these parties, but they accidentally omitted to affix their seals.   If they had even affixed one, it might suffice, for all the defendants might adopt that one. *Bank of Cumb.* v. *Bugbee*, 19 Maine, 27.   This instrument, however, contained none ; and the fact that it contained the words " witness our hands and seals," when there is no seal attached, does not make it a bond or sealed instrument.   *Chilton* v. *People*, 66 Ill. 501.   The plaintiffs, therefore, did not consider it a sealed instrument, but a simple contract, and have brought assumpsit instead of debt.

What are the force and effect of this simple contract having the precise terms of a bond ?

A bond conditioned for " the faithful performance of the duties of collector " will hold him and his sureties to pay over money which he has actually collected after the delivery of the bond. *Trescott* v. *Moan*, 50 Maine, 347.   *Scarborough* v. *Parker*, 53 Maine, 252.   Why should this contract receive any different construction ?   The contract was voluntarily and deliberately made and delivered in lieu of a sealed instrument containing the same terms.   Its acceptance by the assessors in lieu of a statute bond

is a sufficient consideration to cover all official delinquencies, so far as not paying over money actually collected after such acceptance is concerned.

No question is made as to the legality of the tax. The defendants admit that from July, 1869, (when he received the list) down to May 5, 1874, (date of the writ) Giles collected $9,295.45 of the tax of 1869, and during the same time had paid over to the several treasurers only $7,386.32. It does not appear when he made any part of these collections or payments. It is in nowise likely that he collected the whole during the "three or four weeks," which he testifies intervened between the time of receiving the lists and that of delivery of the contract; for he testifies simply that he had "commenced" to collect when "that paper was executed." Whatever sum he had collected, the payments made by him, in the absence of any express appropriation thereof, the law would apply to the oldest deficiency. The statute (R. S. of 1857, c. 6, 102) made it his "duty" to exhibit once in two months a true account of all moneys received on the taxes committed to him, and produce the vouchers for money by him paid. For some reason his sureties were warned July 1, 1871. We think the evidence warrants the conclusion that the whole deficiency arose after the delivery of the contract in suit, and that the plaintiffs are entitled to judgment. If any part of the deficiency had occurred before that date, Giles would have so testified when upon the stand. The plaintiffs should have judgment for amount collected, less $176.61, and interest on the balance from the date of the writ.

APPLETON, C. J., WALTON, BARROWS and PETERS, JJ., concurred.

LIBBEY, J., having been of counsel, did not sit.