EMPIRE TRUST COMPANY, Respondent, *v.* RUTH N. HEINZE et al., Appellants.

Limitation of actions — sealed instruments — mortgage — foreclosure — something in nature of a seal or some mark to indicate a seal necessary to constitute document a sealed instrument — conclusion that chattel mortgage must in law be considered a sealed instrument erroneous in absence of seal or flourish, letter or mark intended to indicate a seal — transfer to third party of mortgagors' interest in property — deficiency judgment against mortgagors, in action to foreclose brought more than six years thereafter, erroneous — judgment of foreclosure properly entered against transferee where within six years it authorized sale of portion of property and application of proceeds to payment of portion of indebtedness.

1. To constitute a document a sealed instrument there must be something in the nature of a seal, some mark to indicate a seal affixed to the signatures. Intention to seal indicated by the recital " signed, sealed and delivered " or the words " whereunto we have affixed our seals " do not make a sealed instrument, if as a fact nothing is affixed to the signature which the law recognizes as a seal. (General Construction Law, § 44; *Slade* v. *Squier*, 133 App. Div. 666, 668, criticised.)

2. In an action to foreclose a chattel mortgage, therefore, where the court has found that it was the intention of the parties that the instrument should be sealed but that there is no flourish nor letters " L. S." or other mark intended to indicate a seal accompanying the name of either of the mortgagors, a conclusion that " the chattel mortgage must be considered in law as a sealed instrument," is erroneous.

3. The chattel mortgage having been executed in 1910, and in 1911 the owner of the mortgaged property, one, of the mortgagors, having transferred all of her interest therein to a third party and no action to foreclose having been brought until 1922, a deficiency judgment against the mortgagors is barred by the six years' Statute of Limitations, and even though in 1917 a portion of the property was sold, with knowledge of all parties and the proceeds applied to the indebtedness, in the absence of a finding that the sale and the application of the proceeds were made at the mortgagors' request or by a duly authorized agent in their behalf, the payments did not stop the running of the statute or give it a new starting point as to the mortgagors, but, as against the transferee, which took possession of the

property with full knowledge of the claims of the plaintiffs and which has within six years admitted the plaintiffs' claim and consented and authorized the application of the proceeds of a portion of the property to the indebtedness secured by the chattel mortgage, judgment of foreclosure was properly entered.

    *Empire Trust Co.* v. *Heinze,* 214 App. Div. 790, modified.

(Argued March 3, 1926; decided May 11, 1926.)

Appeal, by permission, from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered July 8, 1925, unanimously affirming a judgment in favor of plaintiff entered upon a decision of the court on trial at Special Term.

*Thomas Ewing* and *Arthur P. Heinze* for Ruth N. Heinze et al., appellants.   The defendants Heinze are not estopped from contending that the chattel mortgage is not under seal. (*Crowley* v. *Lewis,* 239 N. Y. 264; *Commack* v. *Slattery,* 241 N. Y. 39; *Moore* v. *Jones,* 2 Ld. Raym. 1536, 1541; *Taylor* v. *Glaser,* 2 Serg. & Rawle, 502; *Deming* v. *Bullitt,* 1 Blackf. 241; *Mitchell* v. *Parhan,* Harper Law, 3; *Vance* v. *Funk,* 3 Ill. 263; *Williams* v. *Young,* 3 Ala. 145; *Armstrong* v. *Pearce,* 5 Harris, 351; *Davis* v. *Judd,* 6 Wis. 85; *Chilton* v. *People,* 66 Ill. 501; *Boothby* v. *Giles,* 68 Maine, 160; *Maryland* v. *Humbird,* 54 Md. 327; *McPherson* v. *Reese,* 58 Miss. 749; *Willhelms* v. *Partoine,* 72 Ga. 898.)   The Statute of Limitations has run against the note and the mortgage. (*Brooklyn Bank* v. *Barnaby,* 197 N. Y. 210; *Acker* v. *Acker,* 81 N. Y. 142; *Smith* v. *Ryan,* 66 N. Y. 352; *Butts* v. *Perkins,* 41 Barb. 509; *Wolford* v. *Cook,* 71 Minn. 77; *Ballantine & Sons* v. *Macken,* 94 N. J. L. 502; *Campbell* v. *Baldwin,* 130 Mass. 199; *Westinghouse* v. *Boyle,* 126 Mich. 677.) The alleged purchase of one of the pictures by the Madison Company in 1917 was not a part payment of an indebtedness. (*Adams* v. *Olin,* 140 N. Y. 156; *Crow* v. *Gleason,* 141 N. Y. 489; *Shafer* v. *Pratt,* 79 App. Div. 447.)

*George Pfeil* for Madison Real Property and Security Company, appellant. It was error on the part of the learned trial justice to hold that a chattel mortgage must be regarded as a sealed instrument, although no seal was attached, and that the defendants were estopped by the recitals contained therein to deny that the instrument is under seal. (*Metropolitan Life Ins. Co.* v. *Bender,* 124 N. Y. 47; *Matter of Pirie,* 198 N. Y. 209; *Farley* v. *Scherno,* 208 N. Y. 269; *Ivy Courts Realty Co.* v. *Barker,* 128 N. Y. Supp. 715.)

*William L. Woodward* and *Warren N. Gaffney* for respondent. The defendants Heinze are estopped by its recitals, as matter of law, to deny that the chattel mortgage is a sealed instrument. (*Metropolitan Life Ins. Co.* v. *Bender,* 124 N. Y. 47; *Atlantic Dock Co.* v. *Leavitt,* 54 N. Y. 35; *Rusling* v. *Union Pipe & Construction Co.,* 5 App. Div. 448; 158 N. Y. 737; *Commack* v. *Slattery,* 241 N. Y. 39; *Matter of Pirie,* 198 N. Y. 209; *Coyne* v. *Town of Greenburgh,* 110 Misc. Rep. 398; *Slade* v. *Squier,* 133 App. Div. 666.) The application of the proceeds of sales of paintings to the mortgage debt prevented the Statute of Limitations from beginning to run until October 10, 1917. (*Murdock* v. *Waterman,* 145 N. Y. 55.)

CRANE, J. On the 26th day of September, 1907, Ruth Noyes Heinze was indebted to the Empire Trust Company in the sum of $15,000 for which she gave her promissory note payable ten months after date, with interest at 6 per cent. On October 26, 1908, the note became due and payable and was protested for non-payment.

On the 29th of March, 1910, there being a balance of $12,000 due on the note, the defendant Ruth Noyes Heinze and her husband Arthur P. Heinze, executed and delivered to the plaintiff a mortgage upon fourteen very valuable oil paintings belonging to Mrs. Heinze. On the 26th day of October, 1922, this action was commenced to foreclose the chattel mortgage and to obtain a judg-

ment against Ruth Noyes Heinze and Arthur P. Heinze for any deficiency that might arise after applying the proceeds of the pictures to the Heinze indebtedness.

Judgment has been given for the plaintiff as demanded, and the decision has been unanimously affirmed by the Appellate Division. The only question which can be reviewed by us after the unanimous affirmance, is the application of the Statute of Limitations to the facts as found. If the chattel mortgage were under seal, it is conceded that this action was commenced in time. The findings are so worded that both parties find support for their contentions; one, that the instrument was a sealed instrument, the other that it was not a sealed instrument. The findings set forth the chattel mortgage in full, from which it appears that no seal was fixed to the signatures. While the trial justice finds that the mortgage was under seal, his further findings explain what he considers a sealed paper to be. He uses the expression more as a conclusion of law than as a statement of fact. He makes other findings in which he states that it was the intention of the parties that the instrument should be sealed, and that while there is no flourish nor letters " L. S." or other mark intended to indicate a seal accompanying the name of either of the mortgagors, yet he says in his conclusion of law, " The chattel mortgage must be regarded in law as a sealed instrument."

We conclude, therefore, that the findings of the trial justice show that this instrument was not under seal, but that the judge considered it as a sealed instrument in law because of the expressed intention of the parties. Such a conclusion does not follow from the facts. There must be something in the nature of a seal, some mark to indicate a seal affixed to the signatures to constitute a document a sealed instrument. The intention to seal under these circumstances, whether expressed or implied, does not make a seal. The recital " signed, sealed and

delivered," etc., or the words, " whereunto we have affixed our seals " do not make a sealed instrument, if as a fact nothing is affixed to the signatures which the law recognizes as a seal. Section 44 of the General Construction Law (Cons. Laws, ch. 22) reads:

" The private seal of a person, other than a corporation, to any instrument or writing shall consist of a wafer, wax or other similar adhesive substance affixed thereto, or of paper or other similar substance affixed thereto, by mucilage or other adhesive substance, or of the word ' seal,' or the letters ' L. S.' opposite the signature."

Intention, therefore, cannot make a seal where this provision has not been complied with. (See *Metropolitan Life Ins. Co.* v. *Bender*, 124 N. Y. 47; *Warren* v. *Lynch*, 5 Johns. 239, 245; *Boothbay* v. *Giles*, 68 Me. 160; *Maryland* v. *Humbird*, 54 Md. 327.)

The reverse of this proposition does not hold true. The seal annexed to an ordinary obligation like a promissory note does not necessarily make it a sealed instrument, in the absence of any indication that such was the intention. (*Matter of Pirie*, 198 N. Y. 209, 215.) Fraud also may estop or prevent a person from pleading an unsealed instrument as in the *Bender* case, cited above. (*Farley* v. *Scherno*, 208 N. Y. 269.) The dictum in *Slade* v. *Squier* (133 App. Div. 666, 668) to the contrary is not to be followed.

Considering this chattel mortgage, therefore, as an unsealed instrument to which the six-year Statute of Limitations applies, the plaintiff's claim against Ruth Noyes Heinze has been barred. In March, 1911, Mrs. Heinze transferred all her interest in the pictures under the chattel mortgage to the Madison Real Property and Security Company, which now holds them in its possession. Three of these pictures were sold in 1917 with a knowledge of all parties, that is, the plaintiff, the Madison Company, and Mr. and Mrs. Heinze, and the proceeds applied

to Mrs. Heinze's indebtedness. The year 1917 would be within six years prior to October 26, 1922, when this action was commenced. There is no finding, however, that the sale of these three pictures and the application of the proceeds were made at Mrs. Heinze's request, or by any duly authorized agent in her behalf. The application, therefore, of these amounts to her indebtedness did not stop the running of the statute or give it a new starting point from the date of the payments. (*Brooklyn Bank* v. *Barnaby,* 197 N. Y. 210.) We, therefore, find that insofar as the judgment below authorizes a deficiency judgment against Ruth Noyes Heinze, and her husband, it is erroneous. No judgment can be entered against her on her indebtedness or on her note, as the claim is barred· by the six-year Statute of Limitations. This, however, does not hold true as to the Madison Real Property and Security Company. This company took possession of the pictures with full knowledge of the claims of the plaintiff. As against the Madison Company the plaintiff was entitled to possession of the pictures upon default in payment of the note secured by the chattel mortgage. The Madison Company within six years has admitted the plaintiff's claim and has consented and authorized the application of the proceeds of one or more of the pictures to the indebtedness secured by the chattel mortgage. Therefore, as against this company the judgment below has been properly entered. (*Murdock* v. *Waterman,* 145 N. Y. 55.)

The judgments below should, therefore, be modified by striking therefrom the provision authorizing the entry of deficiency judgments against the defendants Ruth Noyes Heinze and Arthur P. Heinze, with costs to said appellants in all courts, and otherwise said judgment should be affirmed, with costs against the other appellants.

HISCOCK, Ch. J., CARDOZO, POUND, MCLAUGHLIN, ANDREWS and LEHMAN, JJ., concur.

Judgment accordingly.