CONTINENTAL PURCHASING CO., INC., A CORPORATION OF NEW JERSEY, PLAINTIFF-RESPONDENT, v. DAN DANIELS, DEFENDANT-APPELLANT, AND LOUISE DANIELS, DEFENDANT.

Argued May 2, 1939—Decided July 31, 1939.

Before Justices CASE and HEHER.

For the plaintiff-respondent, *Julius Kass.*

For the defendant-appellant, *Saul Neivert.*

The opinion of the court was delivered by

CASE, J.   The state of demand grounds in an alleged sale of furniture by plaintiff's assignor, Roessler Furniture Co., to the defendants for the sum of $251.62, upon which $42 had been paid, leaving $209.62 as the amount claimed.   The suit is upon a paper-writing, self-entitled a "Furniture and Merchandise Lease," executed May 9th, 1930, the last payment whereon was made November 11th, 1930.   The specification of determinations charges three trial errors, (1) the refusal to direct a verdict in favor of the defendant, (2) and (3) the admission of certain exhibits which are not before us and concerning which we lack the necessary data for a review. Appellant presents as his excuse for the deficient record that

his opponent declined to yield custody of the exhibits. He would reserve the privilege of making complete argument thereon when the exhibits are made available; but this he may not do. This is the argument of the appeal and we consider only what is properly before us.

Appellant argues that the court below erred in refusing to direct a verdict, for the reason that the lease sued upon was a parole agreement against which the statute of limitations had fully run. The argument turns upon the question whether the instrument was under seal. There was no seal and no scroll, ink or other device by way of seal. At the close of the writing were these words: "Witness * * * the hand and seal of the party of the second part * * *." The appellant was the party of the second part. On this branch of the controversy the question concededly is: Did the quoted language serve to make the writing a sealed instrument?

The statute of November 1st, 1797 (*Pat. p.* 254), provided:

"That any instrument for the payment of money, to which the person making the same shall affix a scroll, or ink, or other device, by way of seal, shall be taken and adjudged to be of the same force and obligation as if it were actually sealed with wax."

Chief Justice Kirkpatrick, speaking for the Supreme Court in *Newbold* v. *Lamb* (1819), 5 *N. J. L.* 449, held that, notwithstanding the statute, proof of the handwriting of a subscribing witness was not sufficient to send to the jury a bill having an ink-scroll for a seal and which did not, in the body of it, say that it was sealed. We interpret that opinion as requiring the combination of the device and the statement of sealing, not as holding the statement to be sufficient in itself. Likewise in *Force* v. *Craig, 7 Id.* 272, the Court of Errors and Appeals sustained a jury charge by Mr. Justice Ford in the following words:

"Here there is a scroll. The question is, was it put there by the defendant, by way of seal? The defendant demands evidence that the scroll was intended for a seal, but there needs no other proof than the instrument itself saying 'witness my hand and seal.' In this state of things, the court and jury are bound to treat it as a sealed bill."

So, too, the Supreme Court in *Corlies* v. *VanNote, Admin'r, &c.,* 16 *N. J. L.* 324, holding that an instrument must appear to the court by inspection to be a deed or it cannot go to the jury as such, and that a scroll is not enough unless the instrument purports, on the face of it, to be sealed, as by words "Witness my hand and seal," or to that effect. The recent decision by the Court of Errors and Appeals in *Coral Gables, Inc.,* v. *Kretschmer,* 116 *Id.* 580, restates and approves that construction. *McClellan* v. *F. A. North Co.,* 118 *Id.* 168, presents no conflict. The New York Court of Appeals, construing the New York statute, held that recitals within an instrument did not make it a sealed instrument against the six-year statute of limitations unless there was a mark to constitute the statutory seal. *Empire Trust Co.* v. *Heinze et al.,* 242 *N. Y.* 475; 152 *N. E. Rep.* 266. The Massachusetts decisions were of like tenor (*U. S. Drainage and Irrigation Co.* v. *City of Medford,* 114 *N. E. Rep.* 734), until, it seems, legislation *contra* was enacted. We conclude, therefore, that unless the legislature has otherwise directed by a later statute of contrary import, the agreement sued upon herein is not an instrument under seal.

*R. S.* 1:1-2.1 and *R. S.* 46:13-1, in so far as they concern the principles under discussion, do not vary the legal effect of the statute cited *supra* from *Paterson's Laws* 254. It is suggested that *R. S.* 46:13-3 may have a bearing. We find not. That section relates, as does *R. S.* 46:13-1 in part, to deeds or other instruments mentioned in section 46:16-1; and the last named section has to do with "deeds or instruments * * * of or affecting the title to real estate," subdivided into classes "a" to "f" inclusive, and "deeds and instruments * * * of or affecting goods, chattels and personal property" as enumerated within classes "a"—chattel mortgages, "b"—assignments, &c., of chattel mortgages, and "c"—deeds to literary, benevolent, religious or charitable institutions upon particular trusts. The provision of *R. S.* 46:13-3 is that the instruments within its purview shall not, if they contain the prescribed attestation or testimonium clause, be *void* for lack of a seal. That does not go to our issue.

We find no New Jersey statute which modifies the conclusion tentatively stated above. The writing sued upon was, in our opinion, a parole instrument against which the statute of limitations had become a bar.

Appellant alleges, as a second reason for finding error in the ruling, that the instrument was a lease of chattels, that it was not a conditional sales agreement upon which a suit for purchase price could be supported and that in any event it omitted essential data which could not be proved by parole and without which no recovery could be had.

*Exhibit P-1,* which is the writing in question, is an agreement of lease and we find nothing therein to give it the effect of an agreement of purchase. The lessee, appellant herein, undertook to pay $20 as the first rental payment and did pay that sum. The blank spaces which were left, in the printing of the form, for the insertion of periodic rental amounts remain blank, and the selection of an appropriate payment period was not indicated. The agreement contains the recital that the leased merchandise is "valued at $241.28." There is no statement that that is the total sum to be paid or that it forms the basis upon which partial or ultimate figures are to be based. Whatever bearing it might have had in a timely suit for damages on a breach of the agreement it does not serve to prove that the transaction was of a different nature than the instrument states and it does not support an action, as this one is, for the purchase price as on a sale. The parole evidence produced was not, in our opinion, substantial proof of a sales contract and at the best, being parole, could not at that late day, against a plea that the debt sued on had been barred by the statute of limitations, support a judgment for the plaintiff.

Judgment will be reversed, with costs.