130 N.J. Super. 508 (1974)
327 A.2d 695
BENEFICIAL FINANCE CO., PLAINTIFF,
v.
MARGARET KELLEHER DIXON AND THOMAS DIXON, DEFENDANTS.
Superior Court of New Jersey, District Court  Essex County.
October 16, 1974.
Mr. Henry M. Raff and Mr. Stanley P. Fishman for plaintiff (Messrs. Feuerstein, Sachs & Maitlin, attorneys).
Mr. Bernard A. Kuttner for defendants.
*509 ALBANO, J.D.C.
At the request of the parties, this action has been bifurcated. Liability depends on the resolution of a question of law, given various stipulated facts.
The facts stipulated:
1. On May 6, 1963 defendants Margaret Kelleher and Thomas Dixon signed a note and security agreement in which they promised to repay a sum of money in monthly installments.
2. Plaintiff is the holder of that note.
3. Required monthly payments were made for a period of time.
4. The last payment was made on or about September 25, 1964.
5. The debt has not been paid in full and a balance is due.
6. The complaint in this action was filed on or about November 15, 1973, more than nine years after the last monthly payment was made.
The question of law: Is the six-year or the 16-year statute of limitations applicable? Obviously, if the six-year statute of limitations applies, the action is barred, but if the 16-year statute applies, the action is not barred.
For the purpose of determining the question of law only the concluding parts of the note need to be considered. The note is a printed form, and the last paragraph, the witness lines and the signatory lines appear as follows:
IN WITNESS WHEREOF, the undersigned have hereunto set their hands and seals on the date of loan above written.
 Signed, Sealed, and
 Delivered in the
 presence of:
 Witness: _________________ ___________________ (Seal)
 Witness: _________________ ___________________ (Seal)
 (husband or wife)
 Witness: _________________ ___________________ (Seal)
The "(Seal)" is printed on the form and clearly was not affixed, in the sense of a scroll or wax seal, by defendants who signed their names on the top and bottom signatory lines; two separate witnesses signed the witness lines.
Parenthetically, the observation is made that plaintiff pleaded a "Specialty," an instrument under seal wherein an *510 obligation is embodied. Ballentine's Law Dictionary (3 ed. 1969).
The pertinent parts of our six year statute of limitations, N.J.S.A. 2A:14-1, are:
Every action at law * * * for recovery upon a contractual claim or liability, express or implied, not under seal, * * * shall be commenced within 6 years next after the cause of any such action shall have accrued.
The pertinent parts of our 16-year statute of limitations, N.J.S.A. 2A:14-4, are:
Every action at law * * * upon an obligation under seal conditioned for the payment of money only * * * shall be commenced within 16 years next after the cause of any such action shall have accrued.
Each statute requires an action to be commenced within a period of time after accrual of the cause of action. Here, the last monthly payment was made more than nine years before the action was commenced, and it can be assumed that there was no default in payment, no accrual of a cause of action, until a month after the date of the last monthly payment, a period still in excess of nine years. The late Judge Jayne noted that the accrual of a cause of action under our statute is the prescribed event from which the period of limitations is to be computed, and by accrual of cause of action is to be understood the right to institute and maintain a suit. Howell v. Fogg, 17 N.J. Misc. 200 (Cir. Ct., 1939). Plaintiff had no right to institute and maintain its action until default in monthly payments and, in fact, it did commence this action nine years after its cause of action accrued.
The significant reference in our two statutes of limitations is the word "seal." If the instrument is not under seal, N.J.S.A. 2A:14-1, the six-year statute, controls; if the instrument is under seal, N.J.S.A. 2A:14-4, the 16-year statute, controls.
*511 Under "Definitions and General Rules" of our statutes is N.J.S.A. 1:1-2.1, "Seal; Sealed":
Every instrument, to which it is required or permitted by law that a seal be attached, shall be deemed to be sealed when there is affixed thereto, or printed, impressed, or marked thereon a scroll or other device by way of a seal, and no such instrument shall be impeached or questioned for lack of a wax seal. This section shall apply to sealings by corporations as well as individuals; but any sealing required or permitted by law of a public officer, board, body, or commission having an official seal shall be by the impress of such official seal.
In Coral Gables, Inc. v. Kretschmer, 116 N.J.L. 580 (E. & A. 1936), a promissory note had the printed word "(Seal)" after the name of the maker, and the issue was whether or not this caused the note to be an instrument under seal. The court (at 581) remarked that whether an instrument is under seal or not is a question for the court upon inspection; that whether a mark or a character shall be held to be a seal depends upon the intention of the executant as shown by the paper; that it is an essential that the seal be the maker's as it is essential that the signature be his. The court further said (at 584) that the only way to affix a scroll or ink or other device by way of seal is by writing "Witness my hand and seal" or "Sealed and Delivered" or something to that effect in the instrument itself. Finally, the court (at 585) held that a promissory note on whose face appears nothing but the printed word "(Seal)" opposite the signed name is not effective as a sealed-instrument.
In Continental Purchasing Co., Inc. v. Daniels, 123 N.J.L. 33 (Sup. Ct. 1939), the instrument in question bore no seal, no scroll or ink or other device by way of seal, but it did close with the following: "Witness * * * the hand and seal of the party of the second part." It was not an instrument under seal. For a sealed instrument there must be a combination of device and statement of sealing.
In Fidelity Union Trust Co. v. Fitzpatrick, 134 N.J. Law 250 (E. & A. 1946), the agreement in issue was signed, and *512 following the signature was appended "(L.S.)"; part of the printed form and not in the maker's handwriting. At the left of the signature appeared "Signed, Sealed, and Delivered in the Presence of D.C. Kirk." No words in the body of the agreement indicated that it was a sealed instrument. The court found that "L.S." was a sufficient device for a seal, but held that something must appear in the body of the writing to indicate that the maker intended it to be under his hand and seal. As to the "Signed, Sealed, and Delivered in the Presence of" wording, the court said this was a statement or attestation of the witness, not of the maker, and not binding on the maker. The instrument was not under seal.
Testing of the note and security agreement here in dispute against the above criteria results in the conclusion that it is indeed an instrument under seal, controlled not by the six-year statute, but by the 16-year statute.
The note contains in its body a statement that the makers set their hands and seals to it and a seal by way of a device is imprinted on it. Clearly, it was intended, from an inspection of its verbiage and the "(Seal)" to be a sealed instrument.
Judgment for plaintiff on liability and the matter will be set down for trial as to damages only.