141 N.J. Super. 148 (1976)
357 A.2d 330
SUSAN RASKULINECZ, PLAINTIFF,
v.
JOHN RASKULINECZ, DEFENDANT.
Superior Court of New Jersey, Law Division.
Decided March 26, 1976.
*150 Mr. John P. Higgins for plaintiff (Messrs. Pettit, Higgins & Devlin, attorneys).
Mr. Elwyn Saviet for defendant (Messrs. Stevens & Mathias, attorneys).
FULOP, J.S.C.
This is a motion to dismiss the complaint under R. 4:6-2(e) or for summary judgment under R. 4:46.
Plaintiff and defendant were married to each other at the times herein referred to. In August 1972 they were residents of Plainfield, New Jersey. They went to Vermont together in the husband's automobile, there they transferred to the automobile of a mutual friend living in Vermont and all three went to Ontario, Canada, on a pleasure trip.
On September 1, 1972 defendant husband was driving the friend's automobile in Ontario. Plaintiff wife was asleep in the back seat. The car went off the road and hit a pole and the wife was injured. This action by the wife seeks damages from the husband for her injuries. The complaint was filed on August 19, 1974, more than one year but less than two years after the date of the accident. On November 5, 1974, more than two years after the accident, service was made on the husband at his residence in Nevada by certified mail.
The husband now moves that the complaint be dismissed upon the grounds that (1) the action is barred by the expiration of the Ontario statute of limitations; (2) the complaint fails to allege gross negligence of the driver and therefore fails to state a cause of action under the Ontario motor vehicle guest statute, and (3) not included in the notice of motion, but argued, is the contention that the court lacks jurisdiction over the person of defendant.

*151 The Case is Governed by the Statute of Limitations of New Jersey

Defendant quotes 2 Revised Statutes of Ontario, c. 202, § 146(1), as follows:
Subject to subsections 2 and 3, no action shall be brought for the recovery of damages occasioned by a motor vehicle after the expiration of twelve months from the time when the damages were sustained.
Counsel adds that §§ 2 and 3 of the statute are inapplicable, and the representation is accepted. No full copy of the statute has been supplied and none is available in the Union County Courthouse library. Therefore, we are not informed whether the Ontario statute includes a provision comparable to N.J.S.A. 2A:14-22 tolling the statute during the residence of defendant out of the jurisdiction. Under Evid. R. 9(3) the burden is upon the movant to furnish adequate information for judicial notice of foreign law. However, in view of the other grounds for decision hereinafter stated the point is unimportant.
N.J.S.A. 2A:14-2 provides that an action for "an injury to the person caused by the wrongful act, neglect or default of any person within this state shall be commenced within 2 years next after the cause of any such action shall have accrued."
The cause of action here involved accrued when the injury was suffered. Rosenau v. New Brunswick, 51 N.J. 130 (1968).
The action was commenced by the filing of the complaint with the court. R. 4:2-1. Neither service of process nor attempted service is required to constitute commencement of the action, although delay in so doing may result in dismissal. R. 4:4-1 and R. 4:37-2(a); see dissenting opinion of Justice (then Judge) Sullivan in McLaughlin v. Bassing, 100 N.J. Super. 67 (App. Div. 1967), adopted at 51 N.J. 410 (1968).
*152 If the New Jersey statute of limitations governs, then the action was instituted in time. If the Ontario statute governs, the action is barred.
Defendant relies on Heavner v. Uniroyal, Inc., 63 N.J. 130 (1973). Plaintiff relies on the older general rule that the statute of limitations of the forum governs unless the limitation is a condition of the cause of action. Marshall v. George M. Brewster & Son, Inc., 37 N.J. 176 (1962).
Heavner 63 N.J. at 140-141, discarded "the mechanical rule that the limitations law of this state must be employed in every suit on a foreign cause of action." It did not adopt the mechanical application of the limitation statute of the lex loci delicti. Justice Hall carefully limited the extent to which the long established rule was changed. He said:
* * * We need go no further now than to say that (1) when the cause of action arises in another state, (2) the parties are all present in and amenable to the jurisdiction of that state, (3) New Jersey has no substantial interest in the matter, (4) the substantive law of the foreign state is to be applied, (5) and its limitation period has expired at the time suit is commenced here, (numbering supplied). New Jersey will hold the suit barred. * * * We presently restrict our conclusion to the factual pattern identical with or akin to that in the case before us, for there may well be situations involving significant interests of this state where it would be inequitable or unjust to apply the concept we here espouse. [at 141; numbering supplied]
In a footnote the court cited Air Products and Chemicals, Inc. v. Fairbanks Morse, Inc., 58 Wis.2d 193, 206 N.W.2d 414 (1973), in which the Wisconsin Supreme Court determined the limitations to apply upon the basis "of the same criteria applicable to a decision on whether the substantive law of the forum or of the foreign state should control * * *"
In Busik v. Levine, 63 N.J. 351 (1973), Chief Justice Weintraub said (citing Heavner in the appended footnote):
* * * what is the statute of limitations? For conflict of law purposes, it is usually said to be "procedural," meaning that the law of the forum will be applied * * * although even there the just *153 course may be to apply the law of another State if the parties were there throughout its period of limitations and the suit was brought after that period had run. [at 366; emphasis supplied]
In the present case neither of the parties was present in Ontario for one year after the cause of action arose. They were residents of New Jersey before the accident and returned to New Jersey in January 1973. They continued to live here until plaintiff moved to Arizona and then to Nevada in June 1974. Defendant separately moved from New Jersey to Nevada in September 1974, after this action had been commenced but before process had been served on him.
Defendant contends that the parties had discontinued their New Jersey domicile because when they left on the trip to Canada they had given up their apartment and did not intend to return to it. Their child remained in this State, as did most of their household and personal effects and they intended to return here. They were domiciled in New Jersey. A domicile within the State continues until a new domicile is acquired elsewhere. Lyon v. Glaser, 60 N.J. 259 (1972).
While New Jersey may not now have any special interest in either of these parties, both of whom have moved from the State, it did have such an interest in them up to the time of the commencement of this action. Ontario had no interest in them.
The Heavner rule is a limited and special exception to the general rule that the law of the forum determines the limitations of actions applicable. It does not apply to this case. The New Jersey statute of limitations applies.

The Ontario Guest Statute is Inapplicable
The substantive law governing liability in this case is the law of New Jersey. The parties were both domiciliaries of New Jersey who went on a trip together. While the automobile involved in the accident was probably registered in Vermont, it is equally probable that defendant husband was *154 covered for liability by his own policy issued in New Jersey to cover his automobile registered in New Jersey. He also held a New Jersey driver's license. See Babcock v. Jackson, 12 N.Y.2d 473, 240 N.Y.S.2d 743, 191 N.E.2d 279, 95 A.L.R.2d 1 (Ct. App. 1963); Mellk v. Sarahson, 49 N.J. 226; Pfau v. Trent Aluminum Co., 55 N.J. 511 (1970); Mullane v. Stavola, 101 N.J. Super. 184 (Law Div. 1968). Restatement, Conflict of Laws 2d, § 145 at 414 (1971); cf. Rose v. Port of New York Auth., 61 N.J. 129 (1972); Busik v. Levine, supra, at fn. 7.
Although the motion is stated as one for dismissal of the complaint for failure to state a cause of action under R. 4:6-2(e), it has been supported by proof of facts not contained in the pleading. It must therefore be treated as a motion for summary judgment under R. 4:46. In either event the burden is upon the movant to establish his right to judgment on the facts and the law. All doubt must be resolved against the moving party. Ruvolo v. American Cas. Co., 39 N.J. 490 (1963); Judson v. Peoples Bank & Trust Co., 17 N.J. 67 (1954); Lopez v. Swyer, 115 N.J. Super. 237 (App. Div. 1971), approved 62 N.J. 267 (1973). Defendant has not disproved facts in this case which plaintiff may show at trial requiring the application of New Jersey law and permitting recovery by plaintiff. The motion must therefore be denied.

The Objection to Jurisdiction Over the Person of Defendant Has Been Waived
Defendant has also added a motion to vacate the service of process by mail upon defendant in Nevada. Although set up in defendant's answer, the objection to the jurisdiction of the person of defendant has been waived because it was not raised by motion within 90 days after the service of the answer. R. 4:6-3, 4:6-6, and 4:6-7. Defendant has therefore appeared and submitted to the jurisdiction of the court.
All of the motions are hereby denied.