140 N.J. Super. 449 (1976)
356 A.2d 444
FREEDOM FINANCE CO., INC., A CORPORATION OF THE STATE OF NEW YORK, PLAINTIFF-APPELLANT,
v.
JACK STEEPLES AND DOLORES STEEPLES, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued March 9, 1976.
Decided March 31, 1976.
*451 Before Judges MATTHEWS, LORA and MORGAN.
Mr. John S. Giava argued the cause for appellant.
There was no appearance on behalf of respondents.
PER CURIAM.
This is an action in which plaintiff, a New York corporation, seeks to recover on an 11-year old promissory note signed, sealed and delivered in New York by a New Jersey resident. The statute of limitations with respect to a sealed instrument in New York is six years. C.P.L.R. 213 (3), (McKinney 1966). The statute of limitations with respect to sealed instruments in New Jersey is 16 years. N.J.S.A. 2A:14-4. The issue raised on appeal is whether New Jersey has a substantial interest in allowing a New York corporation to sue a New Jersey resident on a note signed and delivered in New York and barred by the latter state's statute of limitations. The trial judge, sitting without a jury, held that the note and security agreement constituted an "instrument under seal" which was controlled by New York's statute and the action was therefore untimely. However, "in the interest of justice" to the parties the judge considered the merits of the case and judgment was entered for defendants.
The facts in this case are largely undisputed. On August 19, 1963 defendant Jack Steeples went to Great Eastern Motors in Newark, New Jersey, (hereinafter GEM) and inquired about an automobile he wished to purchase. Adhering to its "no credit refused" policy GEM brought defendant to Staten Island to see plaintiff about a loan. The loan was granted that day and the promissory note for $971 ($800 plus $171 representing two-years pre-computed interest) was executed. The proceeds of the note were immediately turned over to GEM in exchange for a 1958 Pontiac. The note was *452 to be paid in installments, commencing October 4, 1963. Defendant, at the time he signed the note, also signed an understanding that plaintiff Freedom Finance Co., Inc., was in no way responsible for the quality of the goods to be purchased with the loan proceeds. He also executed a wage assignment.
Before two weeks had elapsed defendant realized the Pontiac had a cracked block and brought it back to GEM who gave him a 1958 Buick in exchange. A few days later the Buick developed the same defect as the Pontiac. Believing that the car was worthless, defendant called plaintiff and told it to pick up the car. The car was picked up. Defendant heard nothing from Freedom Finance Co., Inc., until 11 years later, when he received notice through the institution of this action that $1853.72 was owed to plaintiff.
Plaintiff testified that after the car was repossessed it received a bid for $95; that a telegram to this effect was sent to the last known address of defendant; that the telegram was returned with a notation that defendant had moved to Florida, and that consequently the car was sold for $95. Plaintiff also elicited testimony and produced records to establish that in total $303 was credited to defendant's name, representing the wages garnished and $95 from the sale of the car. Evidence, however, supports the finding of the trial judge that despite the notation on the returned telegram, the defendant had never moved from New Jersey, although he had in fact moved from the address to which the telegram was sent without notifying plaintiff.
Plaintiff first contends that New Jersey's 16-year statute of limitations with respect to sealed instruments governs the institution and maintenance of this suit, and that therefore the action is not untimely. We disagree. While the agreement constituted an "instrument under seal" both under New Jersey and New York law, since it contains a witnessing clause and the word "seal" typed next to the parties' names, Beneficial Finance Co. v. Dixon, 130 N.J. Super. 508 (Cty. Ct. 1974); Empire Trust Co. v. Heinze, *453 242 N.Y. 475, 152 N.E. 266 (Ct. App. 1926); Matter of Pirie, 198 N.Y. 209, 91 N.E. 587 (Ct. App. 1910), mod. 199 N.Y. 524, 91 N.E. 1144 (Ct. App. 1910); 1A Corbin, Contracts, § 241 at 393-395 (1963), the note was signed and delivered in New York to a New York corporation. It expressly provided for payment in New York. In addition, the note recited:
In the event this note is prepaid in full (by cash, a new loan, refinancing or otherwise) before the Final Due Date or any deferred final due date, the Lender shall refund to the borrower that portion of the Precomputed Interest applicable to the full instalment periods following the instalment due date nearest the date of prepayment as prescribed in Section 352(d) of Article IX of the New York Banking Law.
thus further signifying intent that New York law should control.
We also note that the cause of action accrued on the note in New York when payment was not received and a breach occurred. Beneficial Finance Co. v. Dixon, above at 510. The collateral was sold in New York. New York's policy is that no effect is to be given to the existence of a seal, holding that it neither represents consideration nor extends the statute with respect to contractual claims imprimatured by a seal. C.P.L.R. 213 (McKinney 1966) provides:

* * * * * * * *
The following actions must be commenced within six years:

* * * * * * * *
2. an action upon a contractual obligation or liability express or implied, except as provided in article 2 of the uniform commercial code;
3. an action upon a sealed instrument;

* * * * * * * *
In view of New York's policy with respect to the effect of "sealed" instruments, the contacts New York has with respect to the promissory note, the fact that New Jersey has no substantial interest with respect to the isolated issue *454 of the promissory note, and the intent of the parties to be governed by New York law, we conclude that New York's statute of limitations as well as its substantive law governs the disposition of this case and that therefore the action was correctly dismissed as untimely.
We also note that, while not dispositive of the issue before us, the transaction in question took place on Staten Island in order that the parties might take advantage of the then more liberal lending ceiling under the New York Small Loan Act.
Affirmed.