Joseph THOMPSON et al.

v.

Victor YUE.

Civ. A. No. 76–1126.

United States District Court,
D. New Jersey.

Jan. 10, 1977.

---

Joel M. Kaplan, Turkington & Kaplan, Chicago, Ill., Franklin J. Riesenburger, Greenblatt & Greenblatt, Vineland, N. J., for plaintiffs.

William M. Lake, Dietrich & Lake, P. A., Trenton, N. J., for defendant.

## OPINION

BARLOW, District Judge.

The plaintiffs, residents of Illinois, allege that on July 5th, 1974, while driving in the Province of Quebec, Canada, they were injured when their automobile was struck by that of the defendant, Victor Yue, a New Jersey resident. Almost two years later, on June 15th, 1976, the plaintiffs commenced the present action in this Court. The defendant now moves for summary judgment, maintaining that the instant suit is time-barred by Quebec's one-year personal injury statute of limitations. The plaintiffs counter with the argument that the appropriate standard to apply is New Jersey's more favorable two-year statute of limitations.

A federal court sitting in diversity is bound to apply the choice of law rules of the forum state. *Klaxon Company v. Stentor Electric Manufacturing Company, Inc.*, 313 U.S. 487, 496, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941). Thus, New Jersey's conflicts of law principles are binding on the Court in this matter.

New Jersey has abandoned the mechanical *lex loci delicti* approach to choice of substantive law questions in favor of a flexible governmental interest analysis. *See, e. g., Mellk v. Sarahson*, 49 N.J. 226, 229, 229 A.2d 625–626 (1967). This state's supreme court has recently extended this approach to encompass the question of which jurisdictions' statute of limitations will be utilized to gauge the timeliness of the litigation where suit is brought in a forum foreign to where the cause of action arose. *Heavner v. Uniroyal, Inc.*, 63 N.J. 130, 305 A.2d 412 (1973). The *Heavner* court established a "borrowing rule" which dictated that where suit is brought on a foreign cause of action in a New Jersey court, the court will not employ this state's statute of limitations but will, instead, "borrow" that of the foreign jurisdiction if "the parties are all present in and amenable to the jurisdiction of that state, New Jersey has no substantial interest in the matter, . . . and [the foreign jurisdiction's] limitation period has expired at the time suit is commenced". *Id.* at 141, 305 A.2d at 418. The court noted, however, that this holding was limited to the factual circumstances "identical with or akin to the [*Heavner*] case". *Id.*

In *Henry v. Richardson-Merrell, Inc.,* 508 F.2d 28 (1975), the Third Circuit had occasion to consider the application of *Heavner* and reiterated the New Jersey Supreme Court's position that when a court must choose between New Jersey's statute of limitations and that of a foreign jurisdiction "New Jersey choice of law rules . . . require a determination of which law will govern the merits of the case". *Id.* at 32 (footnote omitted). If a court concludes that New Jersey substantive law will not govern the action, the Third Circuit concluded that "*Heavner* requires borrowing of the foreign limitation period". *Id.* at 37. Thus, the Court's task is to determine whether the merits of the instant litigation would be governed by the substantive law of New Jersey or Quebec. A conclusion that the substantive law of Quebec applies would necessitate dismissal of the action as time-barred.

The procedure for making such a determination was recognized by the Third Circuit in *Henry* to require a two-step analysis:

> The court determines first the governmental policies evidenced by the laws of each related jurisdiction and second the factual contacts between the parties and each related jurisdiction.

*Id.* at 32. Step one, therefore, necessitates consideration of the public policy underlying a plaintiff's right to recover from a negligent defendant in both New Jersey and Quebec. As the *Henry* court noted, "[T]he primary purpose of a torts recovery is to compensate plaintiffs for their injury". *Id.* at 33. Here, it cannot be said, nor has it been argued to the Court, that the substantive laws of New Jersey and Quebec regarding liability for the negligent operation of a motor vehicle differ in any remarkable way so as to indicate that one jurisdiction clearly has a paramount interest in having its law applied to the facts in this matter. Neither jurisdiction would seem to have an interest in protecting non-domiciliary plaintiffs. *See Id.* at 33, 37. Nor would Quebec have a concern over whether these plaintiffs were compensated by the alleged tortfeasor. *See Raskulinecz v. Raskulinecz,* 141

N.J.Super. 148, 153, 357 A.2d 330, 332 (Law Div.1976). The New Jersey courts have taken the position that the mere fact that an accident occurs within the borders of a foreign jurisdiction is insufficient to classify that jurisdiction's interest as strong enough to warrant the application of its law. *See Mellk v. Sarahson,* 49 N.J. 226, 231–32, 229 A.2d 625, 627–28 (1967). *See also Wilson v. Faull,* 27 N.J. 105, 124, 141 A.2d 768, 778 (1958), where the court concluded:

> Choice of law . . . should not be governed by wholly fortuitous circumstances such as where the injury occurred . . . . . .

On the other hand, courts in this state have suggested that New Jersey may have an interest in having its laws apply to the instant type of litigation. In *Pfau v. Trent Aluminum,* 55 N.J. 511, 524, 263 A.2d 129–135, the Supreme Court noted:

> We are not certain that a defendant's domicile lacks an interest in seeing that its domiciliaries are held to the full measure of damages or the standard of care which that state's law provides for. A state should not only be concerned with the protection and self-interest of its citizens.

Thus, while Quebec does not appear to have an interest in this case, New Jersey may have a concern in upholding legal duties owed to non-residents by its citizens.

The Third Circuit, in the second step of the *Henry* test, recognized that if New Jersey has sufficient contacts with a defendant, it will be deemed interested enough to have its laws applied. 508 F.2d at 36. As noted above, Quebec's only contact with these parties was the location of the collision. Conversely, New Jersey's contacts are more numerous, although each one concerns only the defendant. However, as the Third Circuit noted, "the sheer presence of a defendant might be sufficient to give New Jersey a government interest . . where no other jurisdiction is likely to have greater contacts with the defendant". *Id.* Here, the defendant's, contacts with New Jersey which are relevant to this matter

and which have been recognized by the New Jersey courts to play a role in weighing a jurisdiction's interest in a case are the following: the defendant's automobile was registered in New Jersey, *see Heavner, supra,* 63 N.J. at 134, 305 A.2d at 414; the defendant had a New Jersey driver's license, *see Raskulinecz, supra,* 141 N.J.Super. at 154, 357 A.2d at 333; and the defendant's automobile was insured by a policy issued in New Jersey at rates applicable to New Jersey, *see Pfau, supra,* 55 N.J. at 521, 263 A.2d at 134; *Mellk, supra,* 49 N.J. at 233, 229 A.2d at 629; and *Raskulinecz, supra,* 141 N.J.Super. at 153–54, 357 A.2d at 333.

It is the opinion of the Court that New Jersey's interest here outweighs any that may be advanced in favor of Quebec and, therefore, requires the utilization of New Jersey's laws. Thus, *Heavner's* "borrowing" rule is inapposite here, and New Jersey's two-year limitation period will be employed. Accordingly, this Court will retain jurisdiction over the matter and will deny the defendant's motion for summary judgment.

The plaintiffs will submit the appropriate order.