873 F.Supp. 227 (1995)
EASTMAN KODAK COMPANY, Plaintiff,
v.
AREL, INC., Defendant.
No. 4:93CV01441 GFG.
United States District Court, E.D. Missouri, Eastern Division.
January 19, 1995.
*228 Peter W. Herzog, Jr., Herzog and Crebs, St. Louis, MO, for plaintiff.
Edward C. Cody, Klutho and Cody, St. Louis, MO, for defendant.

MEMORANDUM AND ORDER
GUNN, District Judge.
This matter is before the Court on Eastman Kodak Co.'s (Kodak) motion to reconsider the July 29, 1994, order denying Kodak's motion for summary judgment on the ground of the statute of limitations. In the alternative, Kodak moves the Court to certify the case for interlocutory appeal pursuant to 28 U.S.C. § 1292(b).
The relevant facts are set forth in the Court's earlier memorandum and order. In support of its motion for reconsideration, Kodak argues that the Court erred by concluding that the rule set forth in Heavner v. Uniroyal, Inc., 63 N.J. 130, 305 A.2d 412 (1973), is a "limited and special exception" to the general New Jersey rule requiring application of that state's statute of limitations to actions commenced there. Although the Court's initial memorandum referred to Heavner as a "limited and special exception," the Court went on to apply the Heavner test and conclude that the New Jersey statute applies.[1]
In Heavner, the New Jersey Supreme Court held that New Jersey will borrow the statute of limitations of a foreign state and hold a cause of action to be barred under the following circumstances: (1) when the cause of action arises in another state; (2) the parties are all present in and amenable to the jurisdiction of that state; (3) New Jersey has no substantial interest in the matter; (4) the substantive law of the foreign state applies; and (5) the limitations period of the foreign state has expired. Heavner, 305 A.2d at 417.
The facts of Heavner illustrate the limited nature of the rule. The plaintiffs were North Carolina residents. The defendants were a New Jersey Corporation and a Delaware Corporation both of which did business throughout the nation. Id. 305 A.2d at 414. The cause of action arose in North Carolina when a tire manufactured by one defendant and sold by another blew up, causing the truck one plaintiff was driving to crash into an abutment. Id. at 413. The plaintiffs filed their action in New Jersey after the North Carolina statute of limitations had expired. Id. at 414. Based on those facts, the New Jersey Supreme Court decided to apply the North Carolina statute of limitations and to hold the action barred. Id. at 417.
Kodak argues Arel's purported cause of action arose in Missouri because Arel, a Missouri corporation, felt the economic consequences of the alleged breach there. Kodak cites Freedom Fin. Co. v. Steeples, 140 N.J.Super. 449, 356 A.2d 444, 446 (1976), for the proposition that, under New Jersey law, a cause of action for breach of contract accrues when and where payment due is not received. Steeples was an action for breach of a contract to pay a promissory note. The "note was signed and delivered in New York to a New York corporation. It expressly *229 provided for payment in New York." Id. The court held that "the cause of action accrued on the note in New York when payment was not received and a breach occurred." Id.
Here, in contrast, Arel alleged that Kodak breached an exclusive distribution agreement by shipping books, which were the subject of the agreement, to one of Arel's competitors within the region covered by the agreement. Thus, the cause of action did not arise in Missouri any more than it did in the other states covered by the agreement. Steeples is not controlling on these facts. The Court also concludes that Kodak has failed to satisfy the fourth prong of the Heavner test, which looks to whether the substantive law of the forum state, here Missouri, applies. This portion of the test is not met because, pursuant to the parties' agreement, New York substantive law applies.
Kodak's final argument in support of its motion for reconsideration is that because the contract requires application of New York substantive law, the Court must also apply the New York borrowing statute, N.Y.Civ.Prac.L. & R. § 202 (McKinney 1990). Kodak contends that under § 202 the applicable statute of limitations is the Missouri statute. This contention lacks merit. In Van Slyke v. Worthington, 265 N.J.Super. 603, 628 A.2d 386, 392 (1992), the court rejected this same argument, holding:
The borrowing statute directs a New York court, when dealing with ... foreign claims, to apply the foreign statute of limitations if it bars the action.... The borrowing statute is a New York rule of procedure, and it is only the substantive not the procedural law of that state that applies to this case. Furthermore, given the purpose of the borrowing statute to protect nonresident forum shopping in New York, it would be improper to apply the statute to a case not brought in New York.
In the alternative, Kodak requests that the Court certify the case for interlocutory appeal pursuant to 28 U.S.C. § 1292(b). "Section 1292(b) establishes three criteria for certification: the district court must be `of the opinion that' (1) the order `involves a controlling question of law'; (2) `as to which there is a substantial ground for difference of opinion'; and (3) that certification will `materially advance the termination of the litigation.'" White v. Nix, 43 F.3d 374, 376 (8th Cir.1994) (internal citations omitted). The Court concludes that Kodak has failed to establish that there is a substantial ground for difference of opinion, within the meaning of § 1292(b), regarding the statute of limitations issue. Resolution of the statute of limitations issue involves application of New Jersey law to the undisputed facts. Though the question is close, Kodak has failed to satisfy the Heavner test.
Accordingly, IT IS HEREBY ORDERED that Kodak's motion for reconsideration is denied.
IT IS FURTHER ORDERED that Kodak's motion for certification for interlocutory appeal is denied.
NOTES
[1] The Court also notes that several New Jersey cases refer to the Heavner rule as a "limited and special exception." See O'Keeffe v. Snyder, 83 N.J. 478, 416 A.2d 862, 868 (1980); Rolnick v. Gilson & Sons, Inc., 260 N.J.Super. 564, 617 A.2d 288, 291 (1992); Raskulinecz v. Raskulinecz, 141 N.J.Super. 148, 357 A.2d 330, 333 (1976).